## BOONE v. ANDERSON.

### No. 1132.

Court of Civil Appeals of Texas. Waco.

Dec. 31, 1931.

Rehearing Denied Jan. 28, 1932.

Boykin & Ray, of Fort Worth, for appellant.

Billingsley & Bilingsley, of Fort Worth, and Geo. Sergeant, of Dallas, for appellee.

GALLAGHER, C. J.

Appellant, G. B. Boone, on an ex parte hearing held on the 7th day of May, 1930, recovered a judgment against appellee, J. G. Anderson, for the sum of $263.30 and costs. Some time after said judgment had become final, appellee filed in the court in which the same was recovered an equitable action in the nature of a bill of review to set the same aside. Upon hearing thereof, the court entered an order setting said prior judgment aside and directing the clerk to reinstate the original cause on the trial docket for future hearing and disposition. This appeal is prosecuted from said order.

The trial court was without power to grant a new trial as such; the original judgment having become final. In actions to set aside a final judgment upon equitable grounds, the issues are not tried by piecemeal, but the entire case is opened up on its merits, and the relief prayed for is either denied or granted in one proceeding. Since the order or judgment entered in this cause does not determine the rights of the parties nor attempt to make final disposition of the issues involved, it is not final but merely interlocutory, and therefore insufficient to support an appeal. Lynn v. Hanna, 116 Tex. 652, 296 S. W. 280, 281, par. 2; Wise v. Lewis (Tex. Com. App.) 23 S.W.(2d) 299; Barton v. Montex Corporation (Tex. Civ. App.) 295 S. W. 950, 951, par. 1, and authorities there cited; Clay Lumber Co. v. Patterson (Tex. Civ. App.) 28 S.W.(2d) 825, and authorities there cited.

The appeal in this case is therefore dismissed.