## HUBBARD v. TALLAL.

### No. 11094.

Court of Civil Appeals of Texas. Dallas.

Jan. 21, 1933.

Rehearing Denied Feb. 18, 1933.

W. J. Rutledge, Jr., of Dallas, for appellant.

John W. Craig, of Dallas, for appellee.

BOND, Justice.

This action was brought by S. V. Tallal, appellee, in a district court of Dallas county, Tex., against G. E. Hubbard, appellant, in the nature of a bill of review to cancel and annul a judgment rendered in the same court in favor of Hubbard and against Tallal, and for an injunction to prevent its enforcement.

On September 28, 1926, Hubbard filed the original suit against Tallal for a debt in the sum of $4,526.54. Tallal answered, denying the allegations of plaintiff. The case was passed from term to term without order, until January 21, 1929, when judgment was entered.

The grounds set forth in appellee's petition for invoking the extraordinary equitable powers of the court to grant relief against the judgment of a former term are: That he had meritorious defense to the original suit, he did not owe plaintiff any sum of money; and that his reason for not making his defense and appearing in court at the time the original judgment was rendered was due to the acts of Hubbard, wholly unmixed with any fault or negligence on his part. He set out in great length his defense to the original suit, the acts of the opposing side, and his reason for not attending the trial. On the undisputed evidence, the trial court entered a judgment in favor of Tallal against Hubbard, canceling and vacating and perpetually enjoining the enforcement of the original judgment entered against Tallal. We concur in the conclusion of the trial court. The pertinent facts found by the court are substantially these:

The original suit was filed on September 28, 1926, and judgment rendered in favor of Hubbard against Tallal January 21, 1929. That Tallal was personally served with citation, employed an attorney, and filed answer; later, his said attorney notified him that he could not further represent him in the suit. Immediately on receiving such notice, Tallal did employ, or thought he had done so, another attorney, and so believing he turned over to the attorney all of his documentary evidence for use in the preparation of his defense. That he relied upon his said attorney, and personally notified the attorney of record, who brought the suit for Hubbard, that his said attorney would look after his interest. That Tallal's attorney notified Hubbard's attorney that he would look after Tallal's defense if and when the attorney who had filed Tallal's answer had announced to the court that he would withdraw from the case and have such withdrawal entered on the trial docket, but that he would not represent him until that was done. There was a well-recognized existing custom in Dallas, and known to Hubbard's attorney, that opposing counsel in lawsuits would be notified when cases in which they were interested would be called for trial. That Tallal made repeated inquiry of the court as to when the case would be tried, and knew that the case was passed from term to term without orders. No orders were made on the trial docket until the day of the judgment, when, for the first time, the attorney first employed by Tallal announced to the court his withdrawal from the case, and had his withdrawal entered on the docket. That Tallal nor his attorney were notified of the setting of the case for the trial, or the judgment when entered. The court further found that, some time prior to the institution of the original suit, Hubbard and Tallal and others had been jointly interested in an oil enterprise, out of which Hubbard's alleged claim for debt arose; that Hubbard was to furnish the necessary money to promote the enterprise and to be repaid only out of the profits of such enterprise; that Tallal was not personally liable to Hubbard for any money advanced; and that no liability exists on the part of Tallal to pay Hubbard for such advances.

In addition to the findings of fact by the trial court, the evidence showed that the attorney last employed by Tallal did not understand that he was definitely employed to represent defendant. He understood that it was conditional, if and when the attorney who filed Tallal's answer withdrew from the case, and had his withdrawal entered of record. The attorney notified Hubbard's attorney of that fact. On account of the misunderstanding between him and Tallal as to his employment, he did nothing in defense of Tallal's suit. Tallal understood that his attorney was definitely employed, and, so believing turned his personal file over to him, and expected him to look after the case, and to that end notified the attorney for Hubbard before the judgment was entered.

■■ It is a well-established rule in this state that courts will not set aside a judgment entered at a former term, except on strict showing that the party aggrieved had a meritorious defense to the suit, and that he was not guilty of negligence in failing to give attention to the controversy. And it is a further well-settled principle of law that the negligence of one's attorney is attributable to him.

■■ Evidently the defendant Tallal, in the original suit, was not guilty of negligence as a matter of law; he immediately, on being served with citation, employed an attorney,

filed answer, and attended court, making repeated inquiry of the court as to when the case would be assigned for trial. He employed, as he believed, a second attorney to present his defense. The attorney excused himself from negligence in failing to appear in behalf of the defendant, he did not understand that he had been definitely employed by Tallal, and told Hubbard's attorney that his employment was conditioned on the former attorney withdrawing from the case. The trial court found that Tallal nor his attorney were guilty of negligence; to which we agree. Principles of equity govern suits of this kind.

The case of Dallas Development Co. v. Reagan (Tex. Civ. App.) 25 S.W.(2d) 240, a case which presents features differing but little to those in the instant case, opinion by our own Associate Justice Looney, held that such facts present grounds for equitable relief. We adhere to that holding, and conclude that, under the undisputed facts in this case, the judgment of the trial court should be affirmed.

Affirmed.