## G. E. HUBBARD v. S. V. TALLAL.

No. 6492. Decided April 15, 1936.
(92 S. W., 2d Series, 1022.)

W. J. *Rutledge, Jr.,* of Dallas, for plaintiff in error.

The record does not show any judgment disposing of the controversy between the parties and merely enjoins the enforcement of the original judgment entered and vacates it. Johnson v. Templeton, 60 Texas, 238; Merrill v. Roberts, 78 Texas, 28, 14 S. W., 254; Smith v. Ferrell, 44 S. W. (2d) 962.

*J. W. Craig* and *H. B. Thomas, Jr.,* of Dallas, for defendant in error.

The Supreme Court cannot review the findings of fact of the trial court and the Court of Civil Appeals, entitling the defendant in error to equitable relief, setting aside and vacating the original judgment where the record contains any testimony to support them. 11 Tex. Jur., p. 871; McMurray v. McMurray, 67 Texas, 655, 4 S. W., 357; Stanley v. Spann, 21 S. W. (2d) 305; Stewart v. Byrne, 42 S. W. (2d) 234.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error filed in the District Court of Dallas County a bill of review for the purpose of obtaining relief from a final judgment for debt which had been rendered against him in an action brought in said court by plaintiff in error. The

bill alleged in detail facts indicating that the petitioner was prevented from making defense to said action by the wrongful act of plaintiff in error, or his attorney, in proceeding to trial in the absence of petitioner and his attorney, unmixed with fault or neglect on the part of petitioner or of his attorney, and that petitioner had a good defense to the original action. After trial without a jury on the bill, the answer of plaintiff in error and the evidence offered, the trial court rendered judgment that the judgment theretofore rendered in favor of plaintiff in error against defendant in error "be and the same is hereby in all things set aside, held for naught and forever annulled, and that any and all process of whatever kind or character heretofore issued thereunder be and the same is hereby set aside, annulled and held for naught." It was **further** ordered that no further or future execution or process of any character should issue by reason of said judgment. On the appeal of plaintiff in error from said order the Court of Civil Appeals affirmed the judgment of the trial court. 57 S. W. (2d) 226.

The order entered by the trial court made no disposition of the original controversy between plaintiff in error and defendant in error, the asserted debt for which the original judgment was rendered. While the trial court found, in the findings of fact which were made and filed, that Tallal owed Hubbard nothing, it is apparent from the entire record that this was the finding of a meritorious defense made only as a basis for setting aside the former judgment and that no final disposition was made or intended to be made of the original controversy.

■ It is settled that in a suit brought by bill of review to set aside a judgment only one trial is to be had, in which the court must try and determine not only the question whether the judgment may be reopened but also the issues presented in the original action, and that an order which merely vacates the former judgment without disposing of the merits of the controversy between the parties is not a final judgment from which appeal will lie. Taylor, Knapp & Co. v. Fore, 42 Texas, 256; Lynn v. Hanna, 116 Texas, 652, 296 S. W., 280; Wear v. McCallum, 119 Texas, 473, 33 S. W. (2d) 723; Wise v. Lewis (Com. App.), 23 S. W. (2d) 299; Humphrey v. Harrell (Com. App.), 29 S. W. (2d) 963; Hermann Hospital Estate v. Nachant, 55 S. W. (2d) 505; Cooper v. Cooper, 260 S. W., 679; Barton v. Montex Corporation, 295 S. W., 950; Squyres v. Rasmussen, 296 S. W., 977; Boone v. Anderson, 45 S. W. (2d) 629; Hill v. Lester, 69 S. W. (2d) 474; 17 Tex. Jur., p. 31, Sec. 28.

■ It becomes necessary therefore to reverse the judgment of the Court of Civil Appeals and to dismiss the appeal from the district court to that court. This is done without prejudice to the right of defendant in error to proceed to final trial and disposition of the entire controversy. The bill of review contains sufficient allegations of facts essential to the relief sought; and it is our opinion that if on the trial substantially the same facts are proven as those set out in the opinion of the Court of Civil Appeals, defendant in error will be entitled to have the former judgment annulled and judgment rendered in his favor in the cause of action upon which the judgment was based. See: Eddleman v. McGlathery, 74 Texas, 280, 11 S. W., 1100; Osborn v. Younger (Com. App.), 235 S. W., 558; Camden Fire Ins. Co. v. Hill (Com. App.), 276 S. W., 887, 890; Smith v. Ferrel (Com. App.), 44 S. W. (2d) 962, 963; Winters Mutual Aid Ass'n. Circle No. 2 v. Reddin (Com. App.), 49 S. W. (2d) 1095, 1096; Dallas Development Co. v. Reagan, 25 S. W. (2d) 240; 25 Tex. Jur., p. 585, Sec. 185.

The judgment of the Court of Civil Appeals is reversed and the appeal from the district court to that court is dismissed. Costs in the Supreme Court are taxed against defendant in error and costs incident to the appeal to the Court of Civil Appeals against plaintiff in error.

Opinion adopted by the Supreme Court April 15, 1936.