**FORT WORTH & DENVER CITY RY. CO. v. REID et al.**

No. 13685.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 25, 1938.

Rehearing Denied April 29, 1938.

Carrigan, Hoffman & Carrigan, of Wichita Falls, and Thompson & Barwise and Luther Hudson, all of Fort Worth, for appellant.

E. W. Napier, of Wichita Falls, for appellees.

SPEER, Justice.

This is a suit in equity, in form of a bill of review, growing out of a judgment entered in the 89th district court of Wichita county on May 11, 1932, in favor of Mrs. Mamie Reid, individually and as next friend for her minor children, to all of whom we shall refer as plaintiffs, against Fort Worth & Denver City Railway Company, to which we shall refer as defendant.

Plaintiffs alleged as grounds for the relief sought that on March 11, 1932, the defendant was operating its line of railway into and through Wichita county, Tex.; that on said date, M. E. Reid, the husband of Mamie Reid and father of the other plaintiffs, while attempting to cross the tracks of defendant, was struck by one of its locomotives and killed; that on the following day, to wit, March 12, 1932, the agents of defendant began negotiating with plaintiffs for a settlement

of claims by them, growing out of the death of said M. E. Reid; that the said Mamie Reid was sick and shocked by the tragedy, and was unfamiliar with business matters and ignorant of their rights and remedies against defendant; that all plaintiffs, except Mamie Reid, were minors and could not act for themselves; that on about May 11, 1932, Mamie Reid, for herself and for the other plaintiffs, agreed with defendant upon a settlement of said claim for the sum of $5,125, whereupon the defendant filed a suit in said 89th district court on behalf of plaintiffs against itself, and that on the same day an agreed judgment was entered by the court for the said sum of $5,125, which said amount was apportioned by the court, among plaintiffs, in the sum of $3,625 to Mamie Reid, and $250 to each of the other plaintiffs. That at the time of said settlement, filing of suit, and entry of judgment, Mamie Reid, by reason of bad health and the shock to her nerves incident to the death of her husband, was temporarily of unsound mind and incapable of entering into said transactions. Allegations are made that the said Mamie Reid was at the time of filing this proceeding of sound mind and was desirous of having said former suit reviewed, and the judgment entered therein set aside. That no motion for new trial was filed in the former suit, no appeal taken therefrom, and that the amount thereof had been paid by defendant to plaintiffs, and that the term of court at which the judgment was rendered had long since expired and said judgment became final. Prayer was that upon hearing said former judgment be set aside and vacated, and for general and special relief.

The defendant answered by general demurrer and special answers. In the view we take of this appeal, it is not necessary that we now set out the nature of said special answers.

The demurrer was overruled by the court, and the cause went to trial before a jury; in response to a special issue the jury found that Mamie Reid was of unsound mind when the former suit was filed and the judgment entered. Whereupon, the court entered judgment to that effect and set aside, vacated, and held for naught the original judgment as prayed for by plaintiffs. The defendant has perfected its appeal from the judgment so entered.

At the outset, we are confronted with a motion by plaintiffs to dismiss this appeal, upon the ground that the judgment appealed from was not a final one. It is urged in the motion that the only issue submitted to the jury upon the trial was one inquiring if Mamie Reid was of sound mind when the former court proceedings were had, and that upon that issue alone the court entered judgment setting aside the former judgment, and that there was no proof offered and no disposition made by the court of the question of damages, and therefore the judgment was not final, and this court is without jurisdiction to hear the appeal.

We think the judgment is sufficient to support this appeal. It meets all the statutory requirements, and disposed of every matter that was before the court. As we shall presently show, if the court had undertaken to do more than was done, it would have been beyond the scope of the pleadings and testimony. The motion correctly recites that no proof was offered and no disposition was made by the court of the question of damages. Plaintiffs' pleadings in no way raised that question, nor is it contended by plaintiffs that the matter of damages was in any manner before the court; hence, no proof could have been offered on that point, and, of course, absent pleadings and proof the judgment could not include it.

The contention of plaintiffs made in their motion to dismiss the appeal because of a lack of final judgment would be good if the petition had contained allegations of liability on the part of defendant for which a recovery of damages would lie, and these allegations had been supported by proof. For it has often been held by our courts that where such allegations are made in an equitable proceeding to review a former judgment, and are supported by testimony, the court may set aside the former judgment, and enter a proper one; and, further, when such pleadings and proof are before the court and the judgment rendered only sets aside the former decree, and fails to enter judgment in lieu of it, the judgment so entered is not a final one, and will not support an appeal. Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022; Dallas Coffee & Tea Co. v. Williams, Tex.Civ.App., 45 S.W.2d 724, writ dismissed. The rule above announced, however, is not applicable here, for the

reason no such pleadings were made, nor was testimony offered on the point.

By article 2211, Rev.Civ.St., as amended by Acts 1931, c. 77, § 1, Vernon's Ann. Civ.St., art. 2211, it is provided: "The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. * * * Only one final judgment shall be rendered in any Cause except where it is otherwise specially provided by Law."

■ The pleadings in this case raised only the issue of the entry of the former judgment, and the competency of plaintiffs to contract at that time, and prayed that the matter of Mamie Reid's sanity and the validity of the judgment be determined; this was all done and the issues raised were disposed of, and the judgment cannot be attacked for that reason. The motion to dismiss the appeal must be overruled.

■ However, the judgment in this case is a voidable one, and the vice is apparent in the record, in that the petition stated no cause of action and was subject to the general demurrer urged by defendant and overruled by the court. Although the judgment did conform to the pleadings and the verdict rendered, and properly disposed of those issues, if the pleadings were not such as to present a cause of action, the judgment entered in conformity therewith cannot be sustained. Wright v. Shipman, Tex.Civ.App., 279 S.W. 296, writ of error refused; Saner-Ragley Lumber Co. v. Spivey, Tex.Civ.App., 255 S.W. 193, modified on other points and affirmed by Supreme Court, 284 S.W. 215; Fisk v. Warren, Tev.Civ.App., 248 S.W. 406; 3 Tex.Jur., p. 113, § 55.

■ The rule of law is well settled in this state that, to entitle a party upon bill of review to have a prior judgment set aside, he must allege and prove such judgment was obtained without fault on his part, and if the former judgment was in his favor, that he has grounds for different and greater relief than that previously given him; and if the judgment sought to be reviewed was one against him, he must show he had, at the time, a meritorious defense, which if allowed to present, the result would have been different.

■ The petition in this case contained no allegations showing that there had ever been any liability from defendant to plaintiffs for the death of the husband and father, other than such as may be inferred from the fact that defendant paid the sum of money named in the judgment. No attempt was made in the petition to show a meritorious cause of action against the defendant, nor, as stated in the motion to dismiss the appeal, was any proof offered to show such liability. These are necessary requisites to maintaining the bill in equity under our rules of procedure, and the trial court should have sustained the general demurrer when presented. The defendant has not waived its demurrer nor condoned the error of the court in overruling it; the trial proceeded and at the conclusion of the testimony defendant moved for an instructed verdict, primarily upon the grounds raised by the demurrer, the motion being overruled, it preserved its rights by moving for new trial upon these grounds.

In the recent case of Sedgwick v. Kirby Lumber Co., 107 S.W.2d 358, 359, Judge Critz, speaking for the Supreme Court, said: "Such a proceeding is an equitable one, the essential elements of which are that the party seeking to· set aside such former judgment must allege and prove that it was obtained through the wrongful conduct of the opposite party, unmixed with the fault of the complainant, and, further, it must be alleged and proved that the plaintiff has a meritorious defense or offense which, if heard, would bring about a different result. Winters Mutual Aid Ass'n v. Reddin (Tex. Com.App.) 49 S.W.2d 1095."

The rule announced in the case from which we have last quoted is so universally well settled in this state, we deem it unnecessary to cite all the authorities on the point, but will content ourselves with only a few. Smith v. Ferrell, Tex.Com. App., 44 S.W.2d 962; Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254; Smith v. Dunnam, Tex.Civ.App., 57 S.W.2d 873, writ refused.

■ The judgment from which this appeal was taken should be reversed, for the further reason, though it disposed of all matters before the · court, the pleadings and proof should have been sufficient to enable the court in the same

judgment to retry the issue of defendant's liability to plaintiffs, and, if supported by proof, to render such judgment as should be entered in lieu of the one attempted to be set aside. Texas Employers' Insurance Ass'n v. Arnold, 126 Tex. 466, 88 S. W.2d 473; Humphrey v. Harrell, Tex. Com.App., 29 S.W.2d 963, and cases there cited; Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022.

It would be improper for this court to reverse the judgment of the trial court and here render one in this cause, for the same reason the trial court was powerless to render one upon the hearing that should have been rendered in lieu of the judgment attacked; that is, because no such issue was made by the pleadings, and likewise, because of the condition of the record the matter is not before us. But we hold that the general demurrer to plaintiffs' petition should have been sustained, which action by the court would have entitled plaintiffs to amend their pleadings and show a cause of action, if one existed.

For the reasons stated, the motion to dismiss the appeal is overruled, and the judgment of the trial court is reversed and the cause remanded.