**JOHNNIE C. IVY PLUMBING COMPANY, Relator,**

v.

**The Honorable Alfonso CHAPA, District Judge et al., Respondents.**

**No. 16021.**

Court of Civil Appeals of Texas, San Antonio.

June 14, 1978.

Rehearing Denied June 12, 1978.

Daniel R. Rutherford, Fred R. Granberry, San Antonio, for relator.

Oliver S. Heard, Jr., San Antonio, for respondents.

CADENA, Chief Justice.

The question in this case is whether a trial judge, in hearing a petition for a bill of review, may enter an interlocutory order which merely sets aside the prior judgment

and set the case for trial on the merits at a later date.

Relator contends that a petition for bill of review calls for the entry of but a single judgment either denying the relief sought or setting aside the challenged judgment and entering a new judgment on the merits.

We agree with relator that considerations of public policy and judicial economy support the conclusion that the better practice upon a proceeding in the nature of a bill of review is for the trial court to determine not only the question of whether the challenged judgment should be set aside but also the merits of the controversy between the parties. *Crook v. Williams*, 526 S.W.2d 547 (Tex.Civ.App.—Tyler 1957, no writ). It is also settled that an order, following a hearing on a petition for bill of review, which merely sets aside the prior judgment is an interlocutory order which cannot be reviewed by appeal. *Hubbard v. Tallal*, 127 Tex. 242, 92 S.W.2d 1022 (1936).

Whatever may have been the rule prior to the adoption of Rule 174(b), Tex.R. Civ.P. (1977), which confers on the trial court broad discretion to order a separate trial of issues, we believe that Rule 174(b) permits the trial court to enter an order merely setting aside its previous judgment and setting issues relating to the merits of the action for subsequent trial. In *Warren v. Walter*, 414 S.W.2d 423 (Tex.1967), the Supreme Court said:

> However, we are not satisfied that the opinion of the court of civil appeals has correctly declared the law in its statement that '*Two trials*, one to vacate the judgment by default and another on the merits of the original action, *are not permitted, but every issue raised on both phases of the case must be disposed of on one trial * * *.*' Cases cited by the court of civil appeals in support of the quoted holding were decided before adoption of the Texas Rules of Civil Procedure, including Rule 174(b) which confers broad discretion on trial courts to order a separate trial 'of any separate issue.' (Emphasis by · the Supreme Court.)

Admittedly, the language of the Supreme Court in *Warren* is not a disapproval of the holding of the intermediate court to the effect that "two trials * * * are not permitted, * * *." However, we conclude that the provisions of Rule 174(b) permit the trial court to decide, by separate orders, the "separate issues" relating to vacation of the previous judgment and resolution of the original controversy on its merits.

The record in this case discloses that the trial judge, during the hearing which culminated in the order vacating the prior judgment, was directing his attention solely to the question of whether the prior judgment should be set aside, without reference to the merits of the original action. In view of Rule 174(b), we cannot say that in so limiting the scope of the hearing the trial judge abused his discretion.

The application for writ of mandamus is denied.