JOHNNIE C. IVY PLUMBING
CO., Appellant,

v.

T. G. KEYSER, Temporary Administrator
of the Estate of Angie L. Davis,
Deceased, Appellee.

No. 6106.

Court of Civil Appeals of Texas,
Waco.

May 29, 1980.
Rehearing Denied June 20, 1980.

Daniel R. Rutherford, San Antonio, for appellant.

Thomas S. Goggan, Austin, Oliver S. Heard, Jr., San Antonio, for appellee.

## OPINION

JAMES, Justice.

This is an action in the nature of a bill of review. Appellee T. G. Keyser, Temporary Administrator of the Estate of Angie L. Davis, brought this suit against Appellant Johnnie C. Ivy Plumbing Co., seeking to set aside a default judgment and an order of sale previously entered against Angie L. Davis, and further seeking to have a new judgment rendered denying all relief to Appellant on his original claim. The trial court first conducted a hearing into the matters relating to Appellee's request to vacate the prior judgment. Thereafter, the court entered an Interlocutory Order which granted the bill of review, set aside the default judgment, and temporarily enjoined the sheriff from selling the Davis property under a writ of execution that had already issued. In the same order the trial court set Appellant's original claim for separate trial on the merits. Subsequently Appellee T. G. Keyser filed a Motion for Summary Judgment on the issues set for separate trial. The trial court granted Appellee's motion and entered a final summary judgment setting aside the prior default judgment and rendering judgment that Appellant take nothing in his original action. We reverse and remand the cause to the trial court for trial of Appellant's original claim on the merits.

Appellant assigns five points of error, which essentially constitute two major contentions. Appellant's first point, and the first major contention, is that the trial court erred in setting a separate trial on the issues raised in Appellant's original claim, after having conducted a hearing into the merit of Appellee's petition by way of bill of review to vacate the original judgment. There is no merit to this contention.

Our Supreme Court has clearly stated that in a bill of review proceeding the trial of issues may be had in one hearing or in several hearings at the discretion of the trial judge. Rule 174(b), Texas Rules of Civil Procedure; *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979); *Warren v. Walter*, 414 S.W.2d 423 (Tex.1967). Furthermore, this same point was raised by Appellant in connection with this same case in an application for writ of mandamus presented to the San Antonio Court of Civil Appeals. *Johnnie C. Ivy Plumbing Co. v. Chapa* (San Antonio Tex.Civ.App.1978) 567 S.W.2d 897, no writ history. In said cause the San Antonio Court of Civil Appeals held that the trial court has broad discretion to order separate trials of issues and that there was no abuse of discretion shown in the order of the trial court in this case. That is the law of this case.

Appellant's four remaining points of error, and the second major contention, assert that the trial court erred in granting Appellee's Motion for Summary Judgment for the reason that the Appellee's proof was insuf-

ficient to establish as a matter of law the specific grounds relied on in said motion for summary judgment. We sustain this contention of Appellant.

Appellee's Motion for Summary Judgment stated, as grounds therefor, that "all disputed questions of fact have already been litigated in prior proceedings, and there is no fact issue remaining in the case." The motion makes no reference to the specific "proceedings" referred to. Our record does not reflect that there were any affidavits, depositions, or transcribed testimony attached to Appellant's motion when it was filed. In fact, the record on appeal does not reflect that there were any affidavits, depositions, or transcriptions on file in this case when the summary judgment was entered. The only papers included in the record on appeal supportive of the trial court's summary judgment are: (1) Plaintiff's Original Petition seeking a bill of review; (2) Defendant's Original Answer which is merely a general denial of Plaintiff's allegations; (3) the Interlocutory Order setting aside the prior judgment; (4) Plaintiff-Appellee's Motion for Summary Judgment; and (5) a Statement of Facts taken in the bill of review hearing in this case. The only part of this record that could possibly qualify as summary judgment proof is this Statement of Facts. Appellee argues that the testimony contained in this statement of facts should properly be considered in support of the summary judgment below. We do not agree.

■ In reviewing an appeal from summary judgment, we can only consider the record as it existed at the time the summary judgment was entered. *Richman Trusts v. Kutner* (Dallas Tex.Civ.App.1974) 504 S.W.2d 539, NRE; *Dorbandt v. Bailey* (Tyler Tex.Civ.App.1970) 453 S.W.2d 205, NRE; *Sturm Jewelry, Inc. v. First National Bank. Franklin* (Waco Tex.Civ.App.1980) 593 S.W.2d 813, no writ history. The statement of facts from the bill of review hearing bears no file mark of the trial court. It is not referred to in the Motion for Summary Judgment as an attachment thereof. There is also no showing that this document was

ever presented to the trial court at the hearing on the motion for summary judgment, except for the following recitations in the trial court's judgment, to wit: "the Court received into evidence the record of testimony from the separate trial of other issues, previously had in this matter, as well as the Interlocutory Order of the Court entered in connection with that trial." Furthermore, the hearing on the Motion for Summary Judgment was had on December 12, 1978 and the Judgment was entered on December 19, 1978; however, the Statement of Facts filed on appeal was not certified by the court reporter transcribing same until December 20, 1978, one day after the judgment was entered. Moreover, the final page of the "statement of facts" recites an agreement of the attorneys for both sides dated *February 20, 1977*, to the effect that said counsel "agree that the above and foregoing 15 pages of typewritten matter contain and comprise a true and correct transcript of testimony of the witness Johnnie C. Ivy in said matter." This hearing wherein the witness Ivy testified was not held until *November 4, 1977*, more than eight months *after* the recited date of the agreement of counsel; therefore, we cannot consider this agreement of counsel as having any probative effect, since it bears an impossible date.

As stated, the trial court's judgment bears the date of December 19, 1978, whereas the court reporter's certificate of the "statement of facts" bears the date of December 20, 1978. In other words, from the face of the record it appears that the "statement of facts" was not in existence at the time the trial court heard the motion for summary judgment or signed said summary judgment. Moreover, the "statement of facts" was never filed in the trial court, but was filed for the first time in the Appellate record before us.

■ A trial court is expressly prohibited from hearing oral testimony at a summary judgment hearing. Rule 166–A, Texas Rules of Civil Procedure. Under this rule, a court is also precluded from considering the untranscribed testimony received at a pre-

vious hearing, even though it be a hearing in the same cause. See *Sturm Jewelry, Inc. v. First National Bank, Franklin*, cited supra; *Richman Trusts v. Kutner*, cited supra.

The record before us shows that the Appellee's Motion for Summary Judgment is unsupported by any summary judgment proof whatsoever. It is well settled that pleadings do not constitute summary judgment proof. *Hidalgo v. Surety Savings and Loan Assn.* (Tex.1971) 462 S.W.2d 540 at 545; *City of Houston v. Clear Creek Basin Authority* (Tex.1979) 589 S.W.2d 671, 678. Thus, the "statement of facts" in the bill of review hearing is the only possible proof in this record which would support the motion for summary judgment and this "statement of facts" cannot properly be considered as a part of the record in this case for purposes of appealing the court's action in granting the motion for summary judgment.

Since the record before us shows that the trial court's judgment is unsupported by any summary judgment proof, we therefore reverse the trial court's judgment and remand the cause for trial of the separate issues relating to the merits of Appellant's original claim against the Appellee.

REVERSED AND REMANDED.