**Janice Herndon GALAZNIK, Appellant,**

**v.**

**Kenneth Jay GALAZNIK, Appellee.**

**No. 04–83–00242–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1984.

Rehearing Denied Jan. 29, 1985.

Sam C. Bashara, San Antonio, for appellant.

Daniel R. Rutherford, Wallace T. Jacobs, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This appeal arises from a bill of review proceeding. The jury trial resulted in a verdict favoring the petitioner for bill of review, Kenneth Jay Galaznik, appellee herein; the trial court entered judgment on the verdict and set aside the original divorce decree. Subsequently, the trial court conducted hearings on the issues of the divorce decree, pronouncing the dissolution of the marriage, deciding conservatorship and child support, and the division of the property of the parties. Three separate judgments were signed by the trial judge on March 15, 1983. Appellant wife, Janice Herndon Galaznik, appeals from the judgment granting the bill of review and from the judgment of division of property. This court consolidated the two appeals, considering them as arising from one final judgment.

It is settled that an order following a hearing on a petition for bill of review, (TEX.R.CIV.P. 329b), which merely sets aside the prior judgment is an interlocutory order which cannot be reviewed by appeal. *Hubbard v. Tallal,* 127 Tex. 242, 92 S.W.2d 1022, 1023 (1936). If that were the only order before this court, then we would lack jurisdiction to determine this appeal. In *Warren v. Walter,* 414 S.W.2d 423, 424 (Tex.1967), the Supreme Court stated: "... Rule 174(b) confers broad discretion on trial courts to order a separate trial 'of any issue.'" As concluded by this court in *Johnnie C. Ivy Plumbing Co. v. Chapa,* 567 S.W.2d 897, 898 (Tex.Civ.App.—San Antonio 1978, no writ) the provisions of TEX.R.CIV.P. 174(b) permit the trial court to decide, by separate orders, the "separate issues" relating to vacation of the previous judgment and resolution of the original controversy on its merits. There is determined in a bill of review proceeding not only the question of whether the challenged judgment should be set aside but also the merits of the controversy between the parties. Since the jury heard the bill of review petition in the present case, the trial court thereafter heard the merits of the issues in controversy. Neither of the parties questions on appeal the necessity or form of the three "judgments." Therefore we will treat the judgment setting aside the previous judgment and the two judgments which dispose of the issues in controversy, namely, the property division, child support and related conservatorship matters, as *one final judgment.* We thus have jurisdiction of the appeal.

Janice assigns five points of error: the judgment notwithstanding the verdict should have been granted because the evidence was legally insufficient to support a finding of her fraudulent intent; the evidence was also factually insufficient to support that finding; the judgment notwithstanding the verdict should have been granted because the evidence was legally insufficient to support a finding of the husband's reliance upon any misrepresentation of Janice; and the evidence is factually insufficient to support a finding. Her last point is that the pleadings for the bill of review were unverified and, therefore, fundamentally inadequate.

In overruling the last contention, we apply the general rule that omission of or formal defect in the verification of a plea or pleading may be deemed waived unless the fault is challenged. 2 R. Mc-DONALD, TEXAS CIVIL PRACTICE § 5.16 (1982). A petition in equity for bill of review should be verified. 2 R. McDONALD, *supra* at § 5.14.3. In the instant case the pleader presented trial issues which he had the burden of establish-

ing. Had the lack of verification of the pleading been complained of before trial by special exception, it would have been well taken. Generally, however, absence of a required verification is a defect which may be waived. *Heusinger Hardware Co. v. Frost National Bank of San Antonio*, 364 S.W.2d 851, 856 (Tex.Civ.App.—Eastland 1963, no writ). We find the defect in the pleading was waived. Point of error five is overruled.

To understand the context in which the petition for bill of review was brought, it is necessary to summarize the events leading to the original divorce. This divorce was granted in 1981. The evidence is clear that Kenneth insisted upon the divorce. It is also plain that Kenneth represented himself in negotiations to settle all issues. He was a "tough negotiator," according to the wife's lawyer. The testimony highlighted Kenneth's concern with tax consequences. He said that he and the lawyer discussed "a ton" of alternatives to disposition of the house and child support. He and the attorney finally settled on contractual alimony as the solution. There is no dispute that Kenneth revised the agreement, taking it with him to study.

A property settlement agreement was finally drawn up and made part of the divorce judgment. That written agreement contained a provision which is an unenforceable contract. It provided that Janice would forebear from seeking child support for their minor child so long as "periodic payments" in the sum of $300.00 per month were made to her beginning July 31, 1981, and continuing each month until one of the following events occurs: Janice dies or the date of February 25, 1996 is reached. The periodic payments were intended to qualify for inclusion in the gross income of the payee (Janice) under section 71(a) of the Internal Revenue Code of 1954, and the payments likewise to be deductible by the payor (Kenneth) under section 215(a) of the Code. Thus she paid tax, but he could deduct his payments. In return, the homestead property, a residence, was given to the wife in fee simple. The equity in that was determined to be about $30,000. Al-

though there were other provisions in the agreement, these are the only relevant ones we are concerned with as they form the basis of this suit.

At the trial on the petition for bill of review it was established that both parties were aware of the unenforceability of the agreement (contract). Janice was represented by an attorney, but Kenneth, a certified public accountant, was not. However, testimony revealed that Kenneth met several times with Janice's attorney, and the subject of unenforceability of that kind of agreement was discussed. We can conclude that had Kenneth sought to enforce the contract, a judgment mandating that the managing conservator never seek support for Kenneth's minor child would be precluded by considerations of public policy. It is not questioned on appeal that the contract would be detrimental to the best interests of the minor child.

The evidence showed that Janice became ill and was hospitalized in 1982. She asked Kenneth to pay child support. He refused and filed this petition for bill of review to set aside the previous agreed judgment awarding the real estate to Janice in fee simple. TEX.R.CIV.P. 329b. Although a bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, and (3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

Kenneth alleged fraud was practiced by Janice when she agreed and promised with Kenneth if she received the property she would sign an agreement whereby she would not seek increased child support. His alleged meritorious defense was that the division of community property (homestead) was not fair in that 98% was award-

ed to Janice and his failure to appear in court was not the result of his negligence.

The jury found that when Janice signed the agreement she intended to seek modification of child support payments; that the provision in the agreement prohibiting her from seeking an increase was made to induce Kenneth to sign the agreement; that Kenneth relied upon the validity of the provision (that it was enforceable) when he signed the agreement; that had a court decided the property and child support matters the result probably would have been different; and, that Kenneth was not negligent in handling his divorce.

■ We note the fact that Janice knew at the time she signed the agreement that it was unenforceable does not prove that she had no intent to abide by its provisions and would seek child support. In several instances in the record she states she always intended to abide by it. She did testify that her husband had always handled the finances and that she had no idea how much the cost of raising a child was. She stated he had promised to help if she needed aid for the child. Her attorney also emphasized and stated that she intended to abide by the agreement so far as he could ascertain. Kenneth presented no evidence contrariwise to prove that Janice did not intend to abide by the agreement. Moreover, his testimony was that the attorney "may have mentioned" the unenforceable aspect of the contract to him. The attorney stated that, without doubt, he had pointed this out to Kenneth, who, in turn, was curious and wanted to know why the contract was unenforceable. The attorney said he explained why.

■ The court will grant relief to a party from a judgment when he has been prevented from presenting his defense as the result of extrinsic fraud on the part of the opposite party. He must prove the fraud and that it prevented him from making his defense. He must also allege and prove that he had a meritorious defense and that the judgment was entered without negligence on his part. *Mohammed v. Maldonado,* 214 S.W.2d 896, 898 (Tex.Civ.

App.—Waco 1948, writ ref'd n.r.e.). *See Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950); TEX.R.CIV.P. 329b.

■ When the overruling of a motion for judgment notwithstanding the verdict is attacked, the appellate court reviews this as a "no evidence" point. We must look at the evidence most favorably in support of the finding to determine if a judgment notwithstanding the verdict would have been proper. We consider only the evidence and inferences which support the verdict and reject the evidence and inferences which are contrary thereto. *See* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX.L.REV. 360, 362–63 (1960). *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *TM Productions v. Nichols,* 542 S.W.2d 704, 707 (Tex.Civ.App. —Dallas 1976, no writ); Rule 301.

The evidence demonstrated that Kenneth was the party who was concerned about tax consequences. Both Janice and her attorney testified that Kenneth took proposed agreements with him and reworked them to his satisfaction. The evidence was that Janice was emotionally upset, hoping for a reconciliation, not trained in money matters, not as well educated nor financially astute as her husband. Janice further testified that Kenneth told her she must sign the subject agreement by July 31, 1981, or he would obtain the divorce himself. We do not find this to be evidence of an inducement on her part. Mathematics demonstrate also Kenneth would benefit in the years to come by Janice's continued acquiescence to the arrangement because of tax consequences and related financial gains. It is significant that with his background in tax laws as a certified public accountant Kenneth participated in the preparation of the agreement.

■ In order to show that he was prevented from presenting his defense in court, Kenneth must first show he was induced to make the agreement by fraudulent misrepresentation. Unless the promise (misrepresentation) was made with a

present intention not to perform, it does not constitute actionable fraud. This is so even if it was made to induce a contract and thereafter not fulfilled. *Yarborough v. Back,* 561 S.W.2d 593, 595 (Tex.Civ.App.—Amarillo 1978, no writ). (Citations omitted). We hold there was legally insufficient evidence to support the finding that Janice had the present intention not to perform the contract. We sustain the first point of error.

We likewise sustain point of error three that a finding of reliance upon misrepresentation is not supported by any evidence: the evidence is legally insufficient. Reliance upon misrepresentation is an essential element of fraud. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983); *Cresap v. Manor,* 63 Tex. 485, 488 (1885); *Wooters v. I. & G.N. Railway Co.,* 54 Tex. 294, 299 (1881). All of the persons testifying, including Kenneth himself, indicated that he knew of the unenforceability of the provision, the attorney stating he went so far as to explain the reasons to Kenneth for the unenforceability. Although Kenneth stated that the nonvalidity "may have been mentioned," it would strain credulity in the circumstances of this case to find that he actually relied on the enforceability of the provision. We hold there is no evidence to support a finding that Kenneth relied upon the validity of the provision (enforceability).

Although there was no jury finding on this matter, the misrepresentation upon which he would rely must be in this instance Janice's agreement to abide by the unenforceable contract. Since the evidence reflects no fraudulent intent on the part of Janice at the time she signed the agreement not to abide by it, there is no false misrepresentation upon which one could rely. Mere proof of nonperformance of the contract will not support an inference of fraudulent intent. In order for a promise to constitute fraud, it is necessary that it should have been made at a time when the promissor knew that it would not be performed. When a representation, in the nature of a promise to be performed in the future, is alleged as a basis for fraud, it must be shown that the person [when] making the representation did not intend to perform at the proper time. *William B. Roberts, Inc. v. McDrilling Co.,* 579 S.W.2d 335, 339 (Tex.Civ.App.—Corpus Christi 1979, no writ). We find there was no evidence of fraudulent intent on the part of Janice when she made the agreement. Therefore there was no false representation upon which there could be reliance, a necessary element of fraud. As noted before, the special issue was addressed to Kenneth's reliance upon the validity of the contract.

We have no need in this case to consider points of error two and four: that the evidence is factually insufficient to support a finding of fraudulent intent, and that the evidence is factually insufficient to sustain a finding of reliance upon any misrepresentation.

Accordingly, *the final judgment* (all matters) on the bill of review is reversed and rendered, and the judgment is set aside. The trial court is instructed to enter forthwith a judgment in this case in compliance with the laws of the state.