Bovee v. Liberty Mutual Fire 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-117-CV

     TOMMY BOVEE,
                                                                                              Appellant
     v.

     LIBERTY MUTUAL FIRE INSURANCE 
     COMPANY,
                                                                                              Appellee
 

From the 170th District Court
McLennan County, Texas
Trial Court # 90-2049-4
                                                                                                    

O P I N I O N
                                                                                                    

      In 1988, Tommy Bovee settled his worker's compensation suit against Liberty Mutual Fire
Insurance Company by an agreed judgment in which he received $12,000 cash and two years of
future medical coverage. He instituted this proceeding against Liberty Mutual in June 1990 to set
aside the agreed judgment by a bill of review. The court, however, granted a summary judgment
in Liberty Mutual's favor, and Bovee appeals. We affirm in part and reverse and remand in part.
      Bovee alleged five grounds for the bill of review: extrinsic fraud, mistake, newly discovered
evidence, duress, and undue influence. Liberty Mutual moved for a summary judgment only on
the ground that extrinsic fraud was not established as a matter of law. Yet, the court granted the
summary judgment denying the bill of review on all grounds.
      A summary judgment can be granted only on the grounds specifically alleged in the motion. 
Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979). Bovee's second point, that the court erred when it granted the summary judgment
on grounds not alleged in the motion, is sustained. 
      A judgment in a bill-of-review proceeding should either deny all relief to the petitioner or set
aside the final judgment and substitute in its place a new judgment adjudicating the entire
controversy between the parties. See Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022, 1023
(1936). Here, the court improvidently denied Bovee relief on all grounds asserted for the bill of
review. He alleges in point three that the court thus erred when it summarily denied him any
recovery on three causes of action alleged against Liberty Mutual in the bill of review: breach of
the duty of good faith and fair dealing, violation of article 21.21 of the Texas Insurance Code, and
violation of the Deceptive Trade Practices Act. He conditioned these grounds of recovery on the
agreed judgment being vacated.
      Because the court erred when it denied all relief on the bill of review, it likewise erred when
it denied any recovery on the causes of action asserted in the bill of review and conditioned on the
agreed judgment being set aside. Point three is sustained. 
PARTIAL REVERSAL AND REMAND
      We reverse the summary judgment to the extent it denies the bill of review on the grounds of
mistake, newly discovered evidence, duress, and undue influence, and remand these issues for a
trial. Likewise, we reverse the summary judgment to the extent it denies Bovee recovery on the
three causes of action alleged in the bill of review and conditioned on the agreed judgment being
set aside.
EXTRINSIC FRAUD
      Bovee attempts to construct extrinsic fraud out of the following facts. He contends his
physicians erroneously determined that he would not need surgery; that his physicians
misrepresented his true medical condition in their reports; that he and Liberty Mutual relied on
the misrepresentations in the medical reports in settling the compensation suit by the agreed
judgment; that he learned he needed surgery only after the agreed judgment became final; that he
had two unsuccessful surgical procedures that did not correct his disability; and that he would not
have settled the claim and agreed to the judgment if he had known his true medical condition. 
Relying on Rodriguez v. American Home Assur. Co., 735 S.W.2d 241, 242 (Tex. 1987), he argues
that his physicians became Liberty Mutual's agents when the company relied on their reports to
settle the claim and enter the agreed judgment. Bovee contends that Liberty Mutual was guilty
of extrinsic fraud because it obtained the agreed judgment by using its own agents'
misrepresentations of his medical condition.
      Fraud that will support a bill of review must be extrinsic to matters that were actually tried
or potentially in issue in the trial. Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex. 1984). 
Extrinsic fraud relates to the way the final judgment was obtained, not to what was determined in
the judgment. Id. It is wrongful conduct practiced extraneous to the trial. See Alexander v.
Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 1001-002 (1950). 
      The extent of Bovee's disability and his entitlement to compensation benefits were the core
issues before the court and finally determined by the agreed judgment. Assuming that his
allegations of fraud were true and that those acts were attributable to Liberty Mutual, the fraud
was intrinsic as a matter of law because it related to the issues tried. See id.; Jordan v. New
Amsterdam Casualty Company, 378 S.W.2d 890, 892 (Tex. Civ. App.—Houston 1964, writ ref'd
n.r.e.). We are not holding, however, that any fraud was practiced by or attributable to Liberty
Mutual. Accordingly, the court properly entered the summary judgment on the ground that the
evidence conclusively established that any fraud was not extrinsic but intrinsic. Point one is
overruled.
PARTIAL AFFIRMANCE
      We affirm the summary judgment to the extent it denies the bill of review on the ground of
extrinsic fraud.
 
                                                                               BOB L. THOMAS
                                                                               Chief Justice



Before Chief Justice Thomas,
      Justice Cummings and 
      Justice Vance
Affirmed in part and reversed 
      and remanded in part
Opinion delivered and filed April 8, 1992
Do not publish



span>. § 29.02(a)(1) (Vernon 2003). "In the
course of committing theft" means conduct that occurs in an attempt to commit, during the
commission, or in immediate flight after the attempt or commission of theft. Tex. Pen. Code
Ann. § 29.01(1) (Vernon 2003). A person commits theft if he unlawfully appropriates property,
meaning without the owner’s effective consent, with intent to deprive the owner of property. Tex.
Pen. Code Ann. §31.03(a) & (b) (Vernon Supp. 2004). The gravamen of robbery is the
assaultive conduct and not the theft. Caldwell v. State, 943 S.W.2d 551, 552 (Tex. App.—Waco
1997, no pet.).
       Although Thompson willingly gave Riley the marijuana to trade for crack, the theft occurred
when Riley decided to keep it without giving Thompson the crack and without Thompson’s
consent. During the commission of this theft, and in an effort to maintain control of the
marijuana, Riley shot Thompson. The evidence is legally sufficient to support the element of “in
the course of committing theft.” Riley’s second issue is overruled.
      Riley testified that he gave Thompson crack in exchange for the marijuana. He stated that
Thompson smoked the crack and when he did not like its quality, demanded his marijuana back. 
Riley stated that when Thompson stood up from the couch, Riley thought he was under attack and
shot Thompson. On appeal, Riley argues that there was no nexus between the shooting and the
theft, citing his own versions of the events. The jury could have disbelieved Riley’s version of
the events.
      After a neutral review of all the evidence, the proof of guilt is not so obviously weak as to
undermine confidence in the jury’s determination nor is the proof of guilt greatly outweighed by
contrary proof. Riley’s third issue is overruled.
Conclusion
      Having overruled each issue for review, we affirm the trial court’s judgment.
 
                                                                         TOM GRAY
                                                                         Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed 
Opinion delivered and filed December 31, 2003
Do not publish
[CRPM]