Yen v. Newmark Home Corp 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-205-CV

     TA-KWEI YEN, ET AL.,
                                                                                              Appellants
     v.

     NEWMARK HOME CORPORATION,
                                                                                              Appellee
 

From the 268th District Court
Fort Bend County, Texas
Trial Court # 78,458
                                                                                                    

O P I N I O N
                                                                                                    

      Plaintiff-Appellants Mr. and Mrs. Yen sued Defendant-Appellee Newmark Home Corporation
(for damages to their home which they purchased) under common law fraud and violations of the
Deceptive Trade Practices Act (hereinafter called "DTPA"). 
      Defendant-Appellee Newmark filed a motion for summary judgment which was responded
to by the Yens and after a hearing the trial court granted Appellee Newmark's motion, from which
the Yens appeal on four points of error as follows:
      The trial court erred in granting Newmark's motion for summary judgment because: (1) the
pleadings and affidavits submitted are controverted and raise disputed issues of material fact; (2)
the pleadings and summary judgment proof established as a matter of law that there is a genuine
dispute as to all elements of the Yens' claim; also there is a dispute over whether Newmark's
deceptions were a producing cause under the DTPA; (3) Newmark failed to meet its burden of
proof to conclusively establish that no dispute exists as to one or more elements of the Yens'
claim; and (4) the trial court erred in failing to view the summary judgment evidence in the light
most favorable to the Yens (non-movants) and in failing to resolve all doubts as to the existence
of an issue of fact in the Yens' favor. We overrule all of Plaintiff-Appellants' points and
contentions and affirm the judgment of the trial court.
      On September 28, 1990, Appellants purchased a house originally built by Newmark located
at 2726 Oakland, Sugar Land, Texas. They did not purchase the house from Newmark, but
bought the property from one Tommy Swate. Swate was the second owner of the house, having
previously acquired it from the original purchaser, one Yvette Salinas. Salinas had purchased the
house from Newmark on August 31, 1989, for a purchase price of $169,950.00
      On July 20, 1990, the Yens entered into a purchase contract with Swate to buy the property
for a price of $162,000. The contract provided that the Yens had the right to make inspection of
the property, including but not limited to foundation inspections. On July 26, 1990, a structural
inspection of property was made for the Yens by Richard H. Sewing, a professional engineer, of
the firm of Professional Engineering and Inspections, Ltd (hereinafter referred to as "PEI"). Mr.
Yen was present at the PEI inspection and was provided with the PEI inspection report on or
before July 30, 1990, which report clearly stated that the house should be levelled and stabilized.
      Plaintiff-Appellant Yen received and read the PEI inspection report prior to the time the home
was purchased. Mr. Yen read this report that the house needed to be levelled and stabilized;
however, the Yens did not take any steps toward levelling or stabilizing the house. Mr. Yen
admitted that he was present when the PEI inspection was being made; however, he asserted that
he did not care about the condition of the foundation prior to the time he actually purchased the
house. Moreover, the Yens did not make any request to Newmark to provide them with any type
of inspection report concerning the condition of the property prior to their purchase of the
property.
      The Yens entered into an agreement with Swate whereby $3,000 was placed in escrow by the
Yens which would, under certain conditions either be returned to the Yens or paid to Swate, thus
affecting the purchase price of the house. More specifically, this special escrow agreement
provided that if an independent inspector or an independent structural engineer stated that a pier
was required for the house and the pier was not placed within six months, then the $3,000 escrow
was to be returned to the Yens. If, however, a pier was required and placed within six months
after closing, the $3,000 placed in escrow would be paid to Swate. Thus, if a pier had been
installed within the six-month period, the total purchase price would have been $3,000 higher, or
$165,000. It is undisputed that the $3,000 was returned to the Yens and no pier was put in place
within the six-month period referred to in the Special Escrow Agreement.
      About a month before the closing of the purchase of the house, the Yens moved into and lived
in the house.
      Appellants assert that Appellee Newmark led them to believe that the house had no structural
defects and was structurally sound before and after the closing; however, the record does not
contain any evidence that Newmark's representatives made any statement about the property or
alleged defects to the Yens. Mr. Yen's affidavit did state that he assumed the house was sound
because nothing to the contrary was told to him and the loan was approved. In short, the summary
judgment evidence is undisputed that Newmark made no representations to the Yens about the
condition of the house.
      The record is also undisputed that the Yens caused the PEI inspection to be made and that they
knew what the inspection revealed to them prior to their purchase; that the Yens negotiated the
purchase price of the house with Swate, which price took into account the possibility of the cost
of repairs to the foundation.
      Newmark was neither involved in the negotiations between the Yens and Swate, nor did
Newmark receive any consideration from the Yens as a result of their purchase of the house from
Swate. It is undisputed that the Yens were fully aware of the condition of the house at the time
they purchased it, and that Newmark made no misrepresentation to the Yens or breach of warranty
concerning the condition of the house that would be the producing cause of Appellant Yens'
damages under the DTPA.
      The movant for summary judgment has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law. In deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., Inc., 690
S.W.2d 546, 548-549 (Tex. 1985). When, as in the case at bar, the trial court's order does not
specify the grounds relied upon for its grant of summary judgment, the summary judgment will
be affirmed if any of the theories advanced are meritorious. Owen Electric Supply, Inc. v. Brite
Day Construction, Inc., 821 S.W.2d 283, 286 (Tex. App.—Houston [1st Dist.] 1991 writ denied). 
On appeal, a non-movant may not present an issue that it did not raise in the trial court as a ground
for defeating a summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671, 679 (Tex. 1979). The appellate court can only consider the record as it existed at the time
the summary judgment was entered. Johnnie C. Ivy Plumbing Co. v. Keyser, 601 S.W.2d 158,
and the cases cited at p. 160 (Tex. Civ. App.—Waco 1980, no writ). Bearing in mind the above
rules to the summary judgment record before us, this leaves only Appellants' DTPA claims based
on misrepresentations and breach of implied warranty. To prove a cause of action under the
DTPA, Appellants would have to prove the existence of the deceptive act, that is, a
misrepresentation or breach of an implied warranty, which was the "producing cause" of damages
to Appellants. Tex. Bus. & Com. Code Ann. § 17.50(a).
      In the case before us, in the first place there is no summary judgment evidence in the record
that Appellee ever made any misrepresentation to Appellants, as we have hereinabove discussed;
however, be that as it may, the summary judgment evidence conclusively establishes that
Appellants' damages were not caused by any acts or omissions by Appellee. Stated differently,
there is no summary judgment evidence that Appellee committed any misrepresentation or has
been charged with any breach of warranty that was the producing cause of Appellants' damages. 
See Dubow v. Dragon, 746 S.W.2d 857 (Tex. App.—Dallas 1988, no writ).
      We accordingly affirm the trial court's judgment.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed April 26, 1995
Do not publish