

NUMBER 13-17-00026-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JERRENE L'AMOREAUX AND
CLARKE L'AMOREAUX,                                          Appellants,

v.

FEDERAL HOME LOAN
MORTGAGE CORPORATION                              Appellee.

On appeal from the County Court at Law No. 2
of Hays County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

This is an appeal of a judgment of possession against appellants Jerrene L'Amoreaux and Clarke L'Amoreaux in favor of appellee Federal Home Loan Mortgage Corporation (FHLMC).  Appellants argue that the trial court erred by:  (1) hearing the case

and rendering judgment on an invalid pleading and (2) admitting appellee's business records affidavit. We affirm.

## I. BACKGROUND[1]

On March 31, 2008, appellants executed a deed for 1113 Heep Run, Buda, Texas (subject property). When appellants defaulted under the terms of the deed, the subject property was put into foreclosure proceedings and FHLMC acquired the property. On July 21, 2016, FHLMC sent a written demand to appellants to vacate the subject property. On August 3, 2016, FHLMC filed suit against appellants in the justice court alleging forcible detainer. The justice court granted judgment in favor of FHLMC and the judgment was appealed to the county court.

On September 13, 2016, a trial de novo was held on the merits by the county court. Again, judgment was entered in favor of FHLMC and FHLMC was awarded possession of the subject property. This appeal followed.

## II. VERIFIED PLEADINGS

By their first issue, appellants argue that the trial court erred in proceeding with a trial on the merits based on a pleading that had not been sworn to by FHLMC itself, but which instead was supported by FHLMC's counsel's affidavit. Appellants filed a plea in abatement in the trial court in which they argued that FHLMC's live pleading, their original petition, was not "sworn to by the plaintiff" as required by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 510.3(a). The plea in abatement was denied.

## A. Standard of Review and Applicable Law

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this appeal was transferred to this Court from the Third Court of Appeals in Austin, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

We review the trial court's decision on a plea in abatement for abuse of discretion. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A plea in abatement "cannot be used to determine the merits of an action" but rather asserts facts outside the record that "prevent the suit from going forward until the problem can be cured." *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 470 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). The defendant must identify an impediment to the suit as well as its cure and ask the court to abate the suit until the impediment is corrected. *Id*.

Texas courts have previously held that a petition will not be considered defective due to its failure to be sworn by the plaintiff when it contains a verification sworn to by plaintiff's counsel. *See Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 446 (Tex. App.—Fort Worth 2015, no pet.) (citing *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *2 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.)) (mem. op.) ("Accordingly, assuming that the verification was defective, we hold that, to the extent Fleming raises a jurisdictional challenge to the trial court's judgment in favor of Fannie Mae, such a challenge is without merit."); *Obgomo v. Am. Homes 4 Rent Props. Two, LLC*, No. 02-14-00105-CV, 2014 WL 7204552, at *1 (Tex. App.—Fort Worth Dec. 18, 2014, pet. dism'd w.o.j.) (mem. op.); *Shutter*, 318 S.W.3d at 469.

## B.  Analysis

Appellants argue that the opinion in *Norvelle* "reached an incorrect result." We disagree. Appellants contend that the *Norvelle* court incorrectly applied the governing law by not following the precedent set out in *Reagan v. NPOT Partners I, L.P.*, that

"omission of or formal defect in the verification of a plea or pleading may be deemed waived unless the fault is challenged." No. 06-08-00071-CV, 2009 WL 763565, at *2 (Tex. App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.) (citing *Galaznik v. Galaznik*, 685 S.W.2d 379, 382 (Tex. App.—San Antonio 1984, no writ)). However, *Reagan* also held that the defective verification in that case did not defeat jurisdiction, even when there was an objection to the verification at the trial court level. *Id*. at *3.

Here, appellants raised an objection to the attorney's verification in place of the plaintiff's, arguing that there is no provision of the applicable rules that permits a plaintiff's attorney to swear to a forcible detainer petition. *See* Tex. R. Civ. P. 510.3. However, this same position was taken in *Norvelle*, and there, as here, appellants provide us with no citation to any authority to support the proposition that defects in an eviction petition can deprive the trial court of jurisdiction and make the resulting judgment void. 472 S.W.3d at 446. Furthermore, the Third Court of Appeals, in *Banks v. Bank of America, N.A.*, has also held that a trial court did not abuse its discretion in holding that a verification affidavit signed by counsel to the bank was sufficient under rule 510.3. No. 03-16-00046-CV, 2017 WL 1832489, at *2 (Tex. App.—Austin May 4, 2017, no pet.) (mem. op).[2] Accordingly, we cannot conclude that the trial court abused its discretion in denying appellants' plea in abatement. We overrule appellants' first issue.

### III.   BUSINESS RECORDS AFFIDAVIT

By their second issue, appellants contend that the trial court erred by considering appellee's business records affidavit as it was not served in a manner "compliant with the

---

[2] We must apply the precedent of the Third Court of Appeals to the extent that it differs from our own. *See* Tex. R. App. P. 41.3.

applicable rules" and it was filed less than fourteen days before trial. *See* TEX. R. EVID. 902(10). At the trial court level, appellants did not raise any objection to the manner in which the business records affidavit was served, nor did they complain that they did not receive it; appellants only objected to the consideration and admission of the business records affidavit as being filed less than fourteen days before trial. Therefore, we will only address appellants' contention that the business records affidavit was filed less than fourteen days before trial. *See* TEX. R. APP. P. 33.1.

## A. Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

## B. Admission Under Texas Rule of Evidence 902(10)

Appellant contends that the admission of the business records affidavit was in error because it was not filed at least fourteen days before trial. *See* TEX. R. EVID. 902(10)(A). The business records exception to the hearsay rule also states that "[f]or good cause shown, the court may order that a business record be treated as presumptively authentic even if the proponent fails to comply with subparagraph (A)." *Id*. R. 902(10). Here, appellants filed their appeal from the justice court order on August 22, 2016. On September 2, 2016, the trial court set the matter for trial on September 13, 2016, only eleven days after the notice of trial setting. Appellee filed the business records affidavit

5

on September 2, 2016, once the trial court set the matter for trial. In the trial court, both parties agreed that the setting was expeditious. Given the accelerated nature of the trial setting and appellee's immediate filing of the business records affidavit upon notice of the trial setting, we conclude that the trial court did not abuse its discretion in implicitly determining that there was "good cause" to admit the business records affidavit. *See id*. We overrule appellants' second issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court. Any pending motions are dismissed as moot.

NORA L. LONGORIA<br>
Justice

Delivered and filed the
17th day of January, 2019.