Jackie WARREN et al., Petitioners,

v.

Mrs. Mary Ann WALTER et vir,
Respondents.

No. B–97.

Supreme Court of Texas.

April 12, 1967.

Phenix & Wilder, James N. Phenix, Henderson, for petitioners.

Jack N. Price, Longview, for respondents.

PER CURIAM.

The opinion of the court of civil appeals, 409 S.W.2d 887, states the nature of the case and applicable law as follows:

This is an appeal from the judgment of the trial court granting a bill of review, setting aside and holding for naught a default judgment previously rendered. The judgment appealed from recites that the court granted a new trial on the merits, but the judgment affirmatively shows that there has never been a final determination of the case on the merits. This judgment is interlocutory and not appealable. In their petition for bill of review, plaintiffs not only alleged reasons relied upon for re-opening the judgment by default, but pleaded the case so that the court could have determined the issues presented in the original action and this should have been done. Two trials, one to vacate the judgment by default and another on the merits of the original action, are not permitted, but every issue raised on both phases of the case must be disposed of on one trial, and the judgment rendered will be an effective substitute for the judgment vacated."

Because of the interlocutory character of the trial court's judgment, the court of civil appeals dismissed the appeal.

■■ We agree with the holding of the court of civil appeals that the judgment of the trial court is interlocutory and not appealable, and accordingly approve the judgment dismissing the appeal. However, we are not satisfied that the opinion of the

court of civil appeals has correctly declared the law in its statement that *"Two trials,* one to vacate the judgment by default and another on the merits of the original action, *are not permitted, but every issue raised on both phases of the case must be disposed of on one trial \* \* \*."* Cases cited by the court of civil appeals in support of the quoted holding were decided before adoption of the Texas Rules of Civil Procedure, including Rule 174(b) which confers broad discretion on trial courts to order a separate trial "of any separate issue." The holding is not an essential predicate for the judgment of dismissal, and our refusal of writ of error "no reversible error" is not to be regarded as either an approval or disapproval of the holding. Rule 483, Texas Rules of Civil Procedure.