**Henry F. TAYLOR et al., Appellants,**

v.

**Wayne WIGLEY et al., Appellees.**

**No. 6959.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 5, 1968.

Rehearing Denied Sept. 18, 1968.

B. F. Whitworth, Floyd Addington, Lewis Lanier, Jasper, for appellants.

Joe H. Tonahill, Jasper, Cooper K. Ragan and John Russell, Houston, for appellees.

STEPHENSON, Justice.

This is an appeal from an order of the trial court granting a bill of review. The parties will be referred to herein as in the trial court.

The record shows that Henry F. Taylor and wife filed an action for damages arising out of the purchase of 160 acres of land against The Federal Land Bank of Houston, in the District Court of Jasper County under Cause No. 6530. Mary Ann Wigley and the heirs of Burton L. Wigley filed a plea in intervention and cross-action against the Taylors and The Federal Land Bank of Houston to recover title to the same 160 acres of land. Motions for summary judgment were filed by both the Taylors and The Federal Land Bank against the Wigleys and were granted in such Cause No. 6530, July 16, 1964.

December 21, 1965, the Wigleys filed a new suit designated a "Bill of Review" in the District Court of Jasper County, under Cause No. 7522, naming the Taylors and others, but not including The Federal Land Bank of Houston. The nature of the relief sought was to set aside the judgment entered in Cause No. 6530 and other relief. The trial court granted such bill of review setting aside the summary judgment, and reinstating the case for a trial upon the merits, and the Taylors have brought this appeal.

The Wigleys have filed a motion to dismiss this appeal for want of jurisdiction on the ground that the order of the trial court granting the bill of review in Cause No. 7522 is a nonappealable interlocutory decree. This motion to dismiss must be granted.

The law in this State is clear. The order granting the bill of review is not a final judgment disposing of the case upon its merits. Such order is an interlocutory decree, from which there is no appeal at this point. Warren v. Walter (Tex.), 414 S.W.2d 423. The Taylors argue that even though the judgment of the trial court in Cause No. 7522 states it is dealing with a bill of review, that this could not be a true bill of review because The Federal Land Bank of Houston was not made a party. This is a matter which can be considered by this court only after a final judgment is rendered by the trial court and an appeal is then brought before us. We are not passing upon that question at this time. The record in this case reveals that no severance of the portion of the case appealed from was granted by the trial court, and there should be no severance by implication. Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200.

Appeal dismissed for want of jurisdiction.