John J. TERRELL, Appellant,

v.

NELSON PUETT MORTGAGE COMPANY, Appellee.

No. 11707.

Court of Civil Appeals of Texas.

Austin.

Oct. 29, 1969.

Ivan Williams, Austin, Price, Fisher & Hill, Jack N. Price, Longview, for appellant.

Maloney, Black & Hearne, Thomas Black, Austin, for appellee.

O'QUINN, Justice.

This appeal is from judgment of the trial court granting a bill of review, setting aside and holding for naught a judgment previously rendered dismissing Cause No. 151,639 in which Nelson Puett Mortgage Company was plaintiff and John J. Terrell was defendant.

 The action by which bill of review was sought and obtained was designated No. 170,133 in the same district court of Travis County. The order entered in the bill of review proceeding, termed "Final Judgment," vacated the former judgment and did not dispose of the merits of the controversy between the parties.

The order so made is not a final judgment from which an appeal will lie, and this Court is without power to review it.

The judgment appealed from recites that the court set aside a former judgment of dismissal and ordered the cause restored to the docket of the court for trial on the merits. There has been no final determination of the case on the merits. The judgment is interlocutory and not appealable. Warren v. Walter, 414 S.W.2d 423 (Tex.1967).

We have considered and find without merit appellant's contention that since the original controversy and the action for bill of review bear separate docket numbers, the trial court's order setting aside dismissal of the original suit became a final judgment and therefore appealable because it disposed of the entire issue raised by the petition for bill of review. The trial court has broad discretion to hear the separate issues of a case in separate trials. Rule 174(b), Texas Rules of Civil Procedure; see, also, discussion by Supreme Court in Warren v. Walter, supra, p. 424, col. 1.

The appeal is dismissed.