NO. 12-03-00261-CV

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
 
FRANCIS QUINTERO,                                    §                 APPEAL FROM THE
APPELLANT
 
V.                                                                         §                 COUNTY COURT AT LAW

CANDELARIO QUINTERO,
APPELLEE                                                        §                 CHEROKEE COUNTY, TEXAS

                                                                                                                                                            

MEMORANDUM OPINION

            Appellant Francis Quintero (“Francis”) appeals a bill of review granted in favor of Appellee
Candelario Quintero (“Candelario”). Francis presents three issues. We dismiss this appeal for want
of jurisdiction.
 
Background
            Francis and Candelario were married on or about December 12, 1992. On September 8,
2000, Francis filed a second amended petition for divorce, alleging that she and Candelario are the
parents of D.Q. On September 11, the trial court set the divorce case for a final hearing on October
23. Two days later, counsel for Candelario filed a motion to withdraw and noted that the case was
set for trial. However, in the order granting the motion to withdraw, the trial court stated that there
were no pending settings and deadlines in the case. Further, the trial court ordered that all notices
in the case be delivered to Candelario and that the withdrawing counsel notify Candelario of any
additional settings or deadlines not known to his client. On October 23, the trial court held a final
hearing, but Candelario failed to appear. The trial court rendered a decree of divorce, which included
a finding that Francis and Candelario are the parents of D.Q. Moreover, the trial court ordered
Candelario to pay child support, maintain health insurance for D.Q., and pay half of D.Q.’s health
care expenses. On March 2, 2001, the trial court ordered Candelario’s employer to withhold child
support from his earnings. 
            On May 15, 2002, Candelario filed a petition for bill of review alleging that he and Francis
are not the biological parents of D.Q. and that he does not believe that Francis formally adopted the
child. Candelario requested a new trial on the case. He also requested the trial court to set aside and
render void the finding that he is the biological father of D.Q. and the portion of the decree requiring
him to pay child support, provide health insurance for D.Q., and pay half of D.Q.’s medical
expenses. Francis alleged that Candelario had not met his burden to establish a prima facie case.
            After a hearing, the trial court found that the October 23 final hearing was not set in
compliance with Rule 245 of the Texas Rules of Civil Procedure. The trial court also found that the
court made an official mistake because there was a discrepancy between the order setting the final
hearing and the subsequent order granting counsel’s motion to withdraw. Thus, the trial court
granted Candelario’s bill of review, ordered that any child support collection from Candelario’s
current wages be terminated, and ordered that any employer withholding Candelario’s wages for
child support cease wage garnishment. At the conclusion of the hearing, the trial court vacated the
finding that Francis and Candelario are the parents of D.Q., noting that there was not sufficient
evidence at the hearing to determine whether Candelario is the biological father of the child. The
trial court stated that such issue “will have to be addressed at another setting.” Moreover, the trial
court, in ordering that child support collection cease, stated that Candelario’s counsel should “get
this heard, and we need to have 45-days notice or an agreed setting.” This appeal followed.
 
Jurisdiction
            In her first issue, Francis argues that the trial court abused its discretion in conducting a
hearing on Candelario’s petition for bill of review because, on its face, the petition failed to meet the
pleading requirements for a bill of review. In her second issue, Francis contends that Candelario was
not entitled to relief because he failed to meet the evidentiary burden necessary to sustain a bill of
review. In her third issue, Francis argues that the trial court abused its discretion in granting
Candelario’s bill of review on the ground that he did not receive forty-five days notice of the final
hearing. Candelario contends that this appeal should be dismissed for want of jurisdiction because
Francis appeals from an interlocutory order. We will first determine whether this court has
jurisdiction.
            An appeal may be prosecuted only from a final judgment that disposes of all issues and
parties in the case. Tesoro Petroleum v. Smith, 796 S.W.2d 705 (Tex. 1990). A bill of review that
sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not
appealable. Jordan v. Jordan, 907 S.W.2d 471, 472 (Tex. 1995) (citing Tesoro Petroleum, 796
S.W.2d at 705; Warren v. Walter, 414 S.W.2d 423 (Tex. 1967)). In this case, the order granting the
bill of review, vacating the finding that Francis and Candelario are D.Q.’s parents, and ordering that
all child support collection from Candelario terminate did not determine whether Candelario was the
biological father of D.Q. In fact, the trial court decided that such a determination must be made at
another hearing, thereby indicating that all issues are not resolved. See id. Because the order
granting the bill of review did not dispose of the case on the merits, it is interlocutory and not
appealable. See id.
 
Disposition
            We dismiss this appeal for want of jurisdiction. Having determined that we lack jurisdiction
to consider the appeal, we do not address Francis’s three issues.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered September 22, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(PUBLISH)