ACCEPTED
03-14-00574-CV
4116579
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/11/2015 4:49:16 PM
JEFFREY D. KYLE
CLERK

**NO. 03-14-00574-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/17/2015 8:56:00 AM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEAL
## FOR THE THIRD JUDICIAL DISTRICT OF TEXAS
### AT AUSTIN

**SHARON LEE HANSON,**

**Appellant,**

**vs.**

**GUY ROBB COWEN,**

**Appellee.**

**On appeal from the 33rd Judicial District Court of Burnet County, Texas**
**Honorable Daniel H. Mills, Presiding Judge**

**BRIEF OF APPELLEE**

Marie Eisela Galindo
State Bar No. 00796592
639 Heights Boulevard
Houston, Texas 77007
Tel: 713.299.1510
Fax: 713.651.0776
megalindo@thegalindolawfirm.com

ATTORNEY FOR APPELLEE
GUY ROBB COWEN

OBJECTION TO ORAL ARGUMENT

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . .Appellant's Brief at VI so excluded pursuant to TRAP 38.2(a)(1)(A).

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. v

OBJECTION TO ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . .. vi - 9

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

# INDEX OF AUTHORITIES

**AUTHORITY**                                                                       **PAGE(S)**

*Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (1950).................................... 16

*Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004)............................................. 16

*In re E.A.*, 287 S.W.3d 1, 4 (Tex. 2009)........................................................ 15

*Nguyen v. Intertex, Inc.* 93 S.W.3d 288, 293(Tex.App.-Houston[14th Dist.] 2002, no pet)........................................................................ 12

*Smith v. Brown,* 51 S.W.3d 376, 381 (Tex.App.-Houston[1st Dist.] 2001, pet. denied).................................................................. 13

*Ryland Enter v. Weatherspoon*, 355 S.W.3d 664, 665-66 (Tex. 2011).............. 13

Warren v. Walter, 414 S.W.2d 423 (Tex. 1967)................................................. 12

## TEXAS CONSTITUTION, STATUTES AND RULES

TEX. R. APP. P. 26.1 …....................................................................... 13

TEX. R. APP. P. 26.1(a)(1) …................................................................ 13

TEX. R. APP. P. 33.1(a)(1)(B)................................................................ 13

TEX. R. CIV. P. 21 …....................................................................... 14

TEX. R. CIV. P. 21(a) …..................................................................... 14

TEX. R. CIV. P. 24….......................................................................... 14

TEX. R. CIV. P. 45 …........................................................................ 16

TEX. R. CIV. P. 71 …........................................................................ 16

TEX. R. CIV. P. 120 …..................................................................... 15

TEX. R. CIV. P. 121 …...................................................................... 15

TEX. R. CIV. P. 122…....................................................................... 15

TEX. R. CIV. P.  306a(5)................................................................13

TEX. R. CIV. P. 314 …............................................................. 13, 16

TEX. R. CIV. P. 329b(a) …..............................................................13

TEX. R. CIV. P. 329b(d) …..............................................................16

TEX. R. CIV. P. 329b(g) …..............................................................16

**STATEMENT OF THE CASE**

On or about August 6, 2013, Appellee Guy Robb Cowen (hereinafter "Cowen") filed his Bill of Review challenging the adverse judgment on June 24, 2013. *See* Hanson's Appendix Exhibit A and Cowen's Appendix Exhibit E.

On November 20, 2013, the Court set the Bill of Review for hearing on January 8, 2014, after input from the parties as to scheduling. *See* Cowen's Appendix Exhibit A.

Over three (3) months later, or on April 30, 2014, the trial court entered an Order granting Plaintiff's Bill of Review. *See* Hanson's Exhibit C. Months after the hearing and three (3) days after the Order is entered, on May 2, 2014, Appellant Sharon Lee Hanson (hereinafter "Hanson") filed an Answer to the Bill of Review. *See* Cowen's Appendix Exhibit B.

Two months later, Hanson then filed a Motion for New Trial on July 18, 2014. *See* Hanson's Exhibit D. On August 27, 2014, the trial court denies Hanson's Motion for New Trial. *See* Hanson's Exhibit E.

On September 3, 2014, Hanson filed her Notice of Appeal with this Court.

**ISSUES PRESENTED**

**ISSUE NUMBER ONE**

ISSUES NOT ADDRESSED IN OPENING BRIEF ARE WAIVED. THE FIRST

ISSUE BEFORE THE COURT IS WHETHER HANSON'S CLAIM THAT THE COURT LACKED PERSONAL JURISDICTION IS TIME-BARRED AND FRIVOLOUS AND IN THE ALTERNATIVE, WHETHER HANSON WAIVED THIS ARGUMENT GIVEN HER AND HER REPRESENTATION'S CONDUCT?

## ISSUE NUMBER TWO

ISSUES NOT ADDRESSED IN OPENING BRIEF ARE WAIVED. THE SECOND ISSUE BEFORE THE COURT IS WHETHER HANSON'S CLAIM THAT THE COURT ABUSED ITS DISCRETION IN GRANTING THE BILL OF REVIEW IS TIME-BARRED AND FRIVOLOUS AND IN THE ALTERNATIVE, WHETHER THE COURT ABUSED ITS DISCRETION IN FINDING THAT COWEN IS ENTITLED TO DUE PROCESS TO PURSUE HIS BILL OF REVIEW AND THAT EQUITABLE RELIEF IS WARRANTED?

## OBJECTION TO ORAL ARGUMENT

Appellee Cowen understands that Hanson has a right to oral argument absent certain reasons identified in Texas Rule of Civil Procedure 39.1(a) – (d). Cowen respectfully objects for each of these reasons to oral argument in this case.

## STATEMENT OF FACTS

Cowen and Hanson agreed in April, 2007, to jointly purchase a home and list Hanson on the mortgage if Cowen paid significant amounts towards the purchase and mortgage. Cowen and Hanson purchased the home and moved in together on or about May, 2007. Hanson conceded having made this same agreement with another man before and she kept that home. (RR at V.4 at Cowen Exhibit 3:21:7-22:8).

Almost four (4) years later, on or about Thanksgiving Day, 2010, acrimony

ensued and Hanson asked Cowen to leave. (RR at V.4 at Cowen Exhibit 3:14:3).

Litigation followed the separation. *See* Hanson's Appendix Exhibit A providing

history to Cause No. 41,742 from Cause No. 38,316 and (RR at V.4 at Cowen

Exhibit 3).

More specifically, as related to the issues herein, on December 7, 2010,

Cowen sued Hanson in Cause No. 38,316 regarding the fraudulent representations

she made regarding the home purchase and provided the sums spent towards

purchase, renovations, upkeep and in mortgage payments: an initial downpayment

of $41,378.44; $105,246.63 for indoor/outdoor removal/renovations/upkeep;

$47,450.00 in mortgage payments; and $7,000.00 in property taxes. *See* Hanson's

Appendix Exhibit A.

Shortly thereafter, at a hearing held January 5, 2011 before another court,

Hanson confirmed the agreement and representation in testifying:

Robb put down the down payment. I don't recall exactly how much it was. Our deal was he would use the down payment and I would use my credit and we would live in the house together, make it liveable for the two of us, and then when --- **if the relationship didn't work out and we had to go separate ways we agreed we would sell the house and split the profit. That was our deal.** And we've never got any of that in writing, but it was a handshake deal between the two of us. That's the deal that I am more than willing to honor and I will sell that house to anybody that has the money to pay off the note and I will split the profit with him and walk away.

(emphasis added)(RR at V.2:18:18-19:25 and V.4 at Exhibit 3:23:2-13).

7

After discovery, negotiations and the need for a restraining order to allow Cowen to remove his personal items from the home, the matter was set on the dismissal docket on May 16, 2013. *See* Hanson's Appendix Exhibit A at 1-4.

Neither Cowen nor his attorney received notice of the dismissal docket. *See* Cowen's Appendix Exhibit F and *Id.* On June 24, 2013, neither Hanson nor Cowen's counsel appeared and the trial court dismissed Cowen's suit against Hanson. *See* Cowen's Appendix Exhibit F and *Id.*

Immediately upon learning of the judgment from Cowen, a Bill of Review was filed on or about August 6, 2013. *See* Hanson's Appendix Exhibit A. Defense counsel was served with the revised Bill of Review. (RR at V.2:14:4-16:11 and 17:14-20:13).

On November 20, 2013, after the parties consulted, the Court set the Bill of Review for hearing on January 8, 2014. *See* Cowen's Appendix Exhibit A. Hanson and her attorney appeared at said hearing. (RR at V.2:1-29:10).

At the hearing, Hanson never moved to continue said hearing. (RR at V.2:1-29:10). Hanson requested instead that the Bill of Review be denied. *Id.*

On April 30, 2014, the trial court entered an Order granting Plaintiff's Bill of Review. *See* Hanson's Appendix Exhibit C.

Three (3) days after the Order is entered, on May 2, 2014, Hanson filed a

written Answer. (emphasis added).  *See* Cowen's Appendix Exhibit B.

Hanson then filed an untimely Motion for New Trial approximately eighty (80) days after entry of the Order granting relief on July 18, 2014, which is 78 days after she filed her Answer. *See* Hanson's Appendix Exhibit D.  The Motion for New Trial is based exclusively upon the testimony of trial and now, appellate counsel, that he never received the court's order granting Cowen's Bill of Review. *See* Hanson's Appendix Exhibit D, RR at V.3:5:24-7:16 and Cowen's Appendix Exhibits C and D. There is no independent proof in support of the Motion for New Trial and the two (2) sworn statements appear to differ in one significant respect: viewing of Clerk's file on April 29, 2014.  *Id.*  On August 27, 2014, the trial court, after allowing for briefing, denied Hanson's Motion for New Trial. *See* Hanson's Appendix Exhibit E.

Appellant Hanson now files an untimely and frivolous appeal, on September 3, 2014, from an adverse order entered April 30, 2014, wherein the Court found she had appeared to respond to the Bill of Review and that the Bill of Review should be granted. *See* Hanson's Appendix Exhibit C and Cowen's Appendix Exhibit B. Hanson does not appeal the denial of her untimely Motion for New Trial. *See* Appellant's brief wherein issues raised are challenges to the two (2) inherent and explicit findings in the court's Order granting Cowen's Bill of Review on April 30,

2014.

## SUMMARY OF THE ARGUMENT

The instant appeal is time-barred and frivolous as to both claims for relief. Hanson is either 96 days too late in filing her Notice of Appeal or is precluded from challenging the Order in question because she must wait for a final judgment when a Bill of Review has been granted. In other words, Hanson is precluded from contesting the April 30, 2014 order at this time or she has sat on her rights and did not pursue an appeal of the unfavorable Order granting Cowen's Bill of Review which was entered approximately eighty (80) days before she filed her Motion for New Trial; 78 days after she filed an Answer; and 191 days after the January 8, 2014 hearing which is at the center of her appeal. It is clear that the Motion for New Trial was an untimely and frivolous filing at the trial court level used to revert to the instant claims that were time-barred months before or are before the court prematurely without a final judgment. Hanson attaches the Motion for New Trial and the Order denying said Motion in her Appendix to her brief, but its denial is not raised as an issue before this court. The issues raised in Hanson's appeal expressly pertain to the appearance finding by the trial court and the granting of Cowen's Bill of Review.

In the alternative and without waiving the foregoing, Hanson and her

attorney's conduct confirmed appearance in the lawsuit when they appeared for a hearing, set months in advance with their input, for the Bill of Review that was served on her trial counsel six (6) months prior to said hearing.

Moreover, in the alternative and without waiving the foregoing arguments, Cowen is not absolutely precluded from due process and equitable relief by way of a Bill of Review after the court lost plenary power. His Bill of Review demonstrates why the relief requested squarely addresses why his facts, procedural posture, merits of his original case, record before the court and why, for his case, it is the remedy pursued necessitating the favorable finding of the court on April 30, 2014.

Hanson is precluded from raising her claims and they must be rejected. In the alternative and without waiving the foregoing, her claims are wholly without merit.

## ARGUMENT AND AUTHORITIES

### ISSUE NUMBER ONE

ISSUES NOT ADDRESSED IN OPENING BRIEF ARE WAIVED. THE FIRST ISSUE BEFORE THE COURT IS WHETHER HANSON'S CLAIM THAT THE COURT LACKED PERSONAL JURISDICTION IS TIME-BARRED AND FRIVOLOUS AND IN THE ALTERNATIVE, WHETHER HANSON WAIVED THIS ARGUMENT GIVEN HER AND HER REPRESENTATION'S CONDUCT?

### ISSUE NUMBER TWO

ISSUES NOT ADDRESSED IN OPENING BRIEF ARE WAIVED.  THE
SECOND ISSUE BEFORE THE COURT IS WHETHER HANSON'S CLAIM
THAT THE COURT ABUSED ITS DISCRETION IN GRANTING THE BILL OF
REVIEW IS TIME-BARRED AND FRIVOLOUS AND IN THE ALTERNATIVE,
WHETHER THE COURT ABUSED ITS DISCRETION IN FINDING THAT
COWEN IS ENTITLED TO DUE PROCESS TO PURSUE HIS BILL OF
REVIEW AND THAT EQUITABLE RELIEF IS WARRANTED?

**A.     BOTH CLAIMS FOR RELIEF ARE TIME-BARRED AND**

**FRIVOLOUS**

**1.     Claims for Relief are Time-Barred as Too Late or Premature**

Hanson raises claims for relief that were squarely addressed by the trial court

after the January 8, 2014, Bill of Review Hearing and decided on April 30, 2014 by

written order. In that order, Judge Mills granted Cowen's Bill of Review. *See*

Hanson's Appendix Exhibit C.  If a court grants the bill of review, that order is not

appealable because it is interlocutory.  *Warren v. Walter,* 414 S.W.2d 423 (Tex.

1967).  It can be appealed only with a final judgment on the merits of the

underlying case and is reviewed under an abuse of discretion standard. *Nguyen v.*

*Intertex, Inc.* 93 S.W.3d 288, 293(Tex.App.-Houston[14th Dist.] 2002, no pet).

If the court should find that it can review a grant of a Bill of Review prior to

a final judgment, then Hanson has filed her appeal too late. Three (3) days after the

trial court entered this Order, on May 2, 2014, Hanson filed her written Answer and

Motion for Summary Judgment. *See* Cowen's Appendix Exhibit B and the Clerk's

Record in Cause Number 41,742. Hanson did not file a notice of appeal within 30 days of the challenged order. *Ryland Enter v. Weatherspoon*, 355 S.W.3d 664, 665-66 (Tex. 2011). Instead, months later, she files her Motion for New Trial contesting the entry of the April 30, 2014 Order basing it on her attorney's conflicting sworn testimony as to whether he looked in the court file on April 29, 2014. *See* TEX. R. CIV. P. 306(a)(5) and 329b(a) and Hanson's Appendix Exhibit D and Cowen's Appendix Exhibits C (written oath of attorney) and D (testimony in court under oath). Upon the denial of her untimely Motion for New Trial, Hanson attempts to use it as a means to challenge the April 30, 2014 Order, but she is approximately 96 days too late in filing her Notice of Appeal on September 3, 2014. *See* TEX. R. APP. P. 33.1(a)(1)(B)(mandating that appellate claims be timely made), 26.1 and 26.1(a)(1).

**2.    Claims for Relief are Frivolous**

Hanson's appeal is frivolous. Cowen understands that the court reviews the record from Hanson's viewpoint and decides whether she had reasonable grounds to believe the judgment could be reversed. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). First and foremost, it is unreasonable to pursue this appeal when she can settle the suit after testifying under oath that they made "the deal" to sell the house and split the profits in the event the relationship soured. (RR at V.2:18:18-19:25 and V.4 at Exhibit 3:23:2-

13) and TEX. R. CIV. P. 314. Moreover, it is unreasonable for Hanson to argue she never appeared in this suit and the court erred on April 30, 2014, in rendering that finding and then filing a written Answer a few days later to only argue herein four (4) months later that the trial court was wrong in exercising personal jurisdiction. Additionally, it is unreasonable for Hanson to claim there was no notice of the new suit, when the new suit was in hand for at least six (6) months prior to the underlying January 8, 2014 hearing and then challenging the court's authority to rule nine (9) months later on that suit in an untimely appeal filed on September 3, 2014, over one (1) year after her attorney had the Bill of Review in hand. Furthermore, there is nothing reasonable about arguing in her appellate brief that the court abused its discretion in ruling on April 30, 2014, when it should have continued the proceeding, wherein she never requested a continuance. All told, Hanson's two (2) claims for relief should be rejected as time-barred for being premature or too late and frivolous.

**B.     IN THE ALTERNATIVE AND WITHOUT WAIVING THE FOREGOING, APPEARANCE ENTERED BY HANSON WAIVES FIRST CLAIM**

In the alternative and without waiving the foregoing, the first issue for review is whether Hanson and her attorney waived citation and entered an appearance by their actions. The Clerk had a duty to assign the Bill of Review a file number. TEX. R. CIV. P. 24.  Cowen had a duty to serve Hanson or her

authorized representative. TEX. R. CIV. P. 21 and 21(a). According to Rule 21(a), service can be presumed on the attorney of record. *See* Hanson's Appendix Exhibit A and *In re E.A.*, 287 S.W.3d 1, 4 (Tex. 2009). A Defendant's appearance before a court generally indicates a submission to the court's jurisdiction. TEX. R. CIV. P. 120. In the instant case, Hanson averred in court that she would have filed an answer or entered an appearance denying the applicability of a Bill of Review if she had been served with right Bill of Review in this cause number, but that position is disingenuous given that any written appearance, under the wrong cause number, was not made until January 3, 2014. *See* CR 38,316 and (RR at V.2:26:22-28:1). Moreover, Hanson filed an Answer in response to the Bill of Review, conceding jurisdiction and waiving service. *See* Cowen's Appendix Exhibit B and TEX. R. CIV. P. 121. Furthermore, even if Hanson had succeeded on January 8, 2014 in asserting that her and her attorney's appearance did not constitute service, she had "twenty (20) days after the Monday next" from January 8, 2014, to respond to the suit. TEX. R. CIV. P. 122. Approximately 115 days after the hearing, Hanson filed her Answer and a Motion for Summary Judgment. Consequently, Hanson wrongly avers that only a scintilla of evidence supported personal jurisdiction where there was significant law and facts supporting the trial court's decision entered on April 30, 2014.

**C. IN THE ALTERNATIVE AND WITHOUT WAIVING THE FOREGOING, TRIAL COURT DID NOT ABUSE DISCRETION IN GRANTING COWEN'S BILL OF REVIEW**

In the alternative and without waiving the foregoing, the next issue for consideration is whether the trial judge abused his discretion when he granted Cowen's Bill of Review. A trial judge's authority is broad. A bill of review is designed to prevent manifest injustice. *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (1950). "All pleadings shall be construed as to do substantial justice." TEX. R. CIV. P. 45. A court has broad authority to construe the pleading different from what it is entitled, "if justice so requires," and in this case, the Court elected not to construe Cowen's Bill of Review as a Motion for New Trial as Hanson suggests. *See* TEX. R. CIV. P. 71. A trial court has discretion to grant a Bill of Review for "sufficient cause." TEX. R. CIV. P. 329b(d) and (g) and *see* TEX. R. CIV. P. 314.

Cowen was not required to pursue a restricted appeal as a prerequisite to his Bill of Review. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004). A party may pursue a restricted appeal if the party believes it can satisfy the elements, but frequently the bill of review proffers some advantages. It allows the trial court an opportunity to correct the judgment without having to engage in an appeal. *Id.* at 214. In a bill of review, a court may consider all the facts but not in a restricted appeal. *Id.* Discovery is available in a bill of review, but not in a restricted appeal. *Id.* A bill of review allows a party to more easily obtain injunctive relief, if

necessary.  In conclusion, the trial court did not abuse its broad discretion.

## PRAYER

For these reasons, GUY ROBB COWEN, Appellee, requests that this court affirm the judgment of the trial court and remand it to the trial court for further relief. Appellee also requests that he be awarded appellate attorney's fees against Appellant as she brought a frivolous appeal and to provide him any and all other relief to which he may be justly entitled.

Respectfully submitted,

By:_/s/ Marie E. Galindo_____
**MARIE EISELA GALINDO**
Attorney at Law
639 Heights Boulevard
Houston, Texas 77007
Telephone No. 713.299.1510
Facsimile No.  713.651.0776
State Bar No. 00796592
megalindo@thegalindolawfirm.com
**ATTORNEY FOR APPELLEE,**
**GUY ROBB COWEN**

## CERTIFICATE OF SERVICE

On this day, February 10, 2015, the undersigned counsel provided a copy of the document referenced-above and related Appendix to Appellant to Attorney

Mr. Richard Mock, Appellant's counsel, via electronic filing and email at

17

richard@mockandbrown.com, mailing address 400 S. Main St. Burnet, TX 78611.

__/s/ Marie E. Galindo_____
**MARIE EISELA GALINDO**

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this brief contains 2632 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

__/s/ Marie E. Galindo_____
**MARIE EISELA GALINDO**

APPELLEE'S APPENDIX

## APPELLEE'S APPENDIX
## TABLE OF CONTENTS

A – Notice of Setting for Bill of Review Hearing

B – Hanson Answer

C – Affidavit Attached to Hanson's Motion for New Trial

D – Testimony of Attorney Richard Mock under Oath – V.3:5:23-7:16

E – Docket Sheet for Dismissal Docket with Order Noting Neither Side Appeared

F – Notice of Dismissal Docket

| | | |
|---|---|---|
| **GUY ROBB COWEN** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | **33rd JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **SHARON LEE HANSON** | § | |
| Defendant. | § | **BURNET COUNTY, TEXAS** |

## NOTICE OF SETTING FOR PLAINTIFF'S BILL OF REVIEW WITH CERTIFICATE OF CONFERENCE

Before the Court is a Notice of Setting to hear Plaintiff's Bill of Review based on one of several dates provided by the Court Administrator for the parties to consider. The parties have agreed that they are available on January 8, 2014, at 1:30 p.m. to be heard regarding Plaintiff's Bill of Review. The parties respectfully ask for an hour for said hearing.

After due consideration, the Court finds the Notice of Setting is legally sufficient.

**IT IS HEREBY ORDERED** that on 8th day of _January_, 2014, at 1:30 p.m. the Court shall consider Plaintiff's Bill of Review.

**SIGNED ON THE** 20th **DAY OF** _November_, 2013.

_____
**PRESIDING JUDGE**

Respectfully Submitted,

By: __/s/ Marie E. Galindo
  **MARIE E. GALINDO**
Attorney at Law
639 Heights Boulevard
Houston, Texas 77007
Telephone Nos. (432).366.8300/
  (713).299.1510

1



CONFORMING COPY
Original Document filed
NOV 20 2013 3:57 PM
In the Court Records of the
Burnet County District Clerk
COPY NOT COMPARED TO ORIGINAL
Casie Walker, District Clerk

**EXHIBIT**
**A**

Facsimile No. (713).651.0776
State Bar No. 00796592


**JACK Q. TIDWELL**
Attorney at Law
3800 E. 42nd Street, Ste. 608
CHASE PLAZA BUILDING
Odessa, Texas 79762
Telephone No. (432) 552-0441
Facsimile No. (432) 367-8853
State Bar No. 20020000

**ATTORNEYS FOR COWEN**

**CERTIFICATE OF SERVICE**

On this day, November 13, 2013, 2013, the undersigned counsel provided a copy of the

document referenced-above to Mr. Richard Mock via email.

By _____
MARIE E. GALINDO


**CERTIFICATE OF CONFERENCE**

On October 17, 2013, Jack Q. Tidwell's Office spoke with Richard Mock's assistant

regarding date options for setting the Bill of Review and the parties agreed to a setting on

January 8, 2014 at 1:30 p.m.

By _____
MARIE E. GALINDO

2

NO. 41,742

| GUY ROBB COWEN | X | IN THE DISTRICT COURT |
| VS. | X | BURNET COUNTY, TEXAS |
| SHARON LEE HANSON | X | 33RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHARON LEE HANSON, Defendant, in response to Plaintiff's Bill of Review filed herein does hereby file her Original Answer hereof and as grounds thereof would show the Court as follows:

### I.

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

### II.

Defendant denies that Plaintiff is entitled to a Bill of Review in this matter. More particularly, Plaintiff denies that at the time of filing Plaintiff's Motion for Bill of Review, that no other legal remedy was available to Plaintiff to try to set aside the Order of Dismissal dated June 24, 2013. Instead, Defendant would show the Court that Plaintiff failed to exercise due diligence to file a Motion for New Trial under the extensions contemplated by Rule 306(a). In this case the extensions provided under such rules, if Plaintiff had not received Notice of the Dismissal Judgment within 20 days after the date of said Judgment, had not yet expired when Plaintiff filed her Motion for Bill of Review. Because of Plaintiff failing to exercise her rights under the extension of time period of

EXHIBIT
B


CONFORMING COPY
Original Document filed
5/2/14 at 2:10 Ph
In the Court Records of the
Burnet County District Clerk
COPY NOT COMPARED TO ORIGINAL
Casie Walker, District Clerk

Rule 306(a), Plaintiff's Motion for Bill of Review should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant, SHARON LEE HANSON, prays that Plaintiff's Motion for Bill of Review be denied.

Respectfully submitted,

LAW OFFICES OF MOCK & BROWN
Attorneys at Law
400 South Main
Burnet, Texas 78611
Phone (512) 756-2931
Fax    (512) 756-2933

RICHARD D. MOCK
State Bar No. 14242500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Original Answer was faxed to Ms. Marie E. Galindo, Attorney at Law, 639 Heights Blvd., Houston, Texas 77007 and 3800 E. 42nd Street, Suite 608, Odessa, Texas 79762 and to Mr. Jack Q. Tidwell, PLLC, Attorney at Law, 3800 E. 42nd Street, Suite 608, Odessa, Texas 79762, on this the __1__ day of May, 2014.

RICHARD D. MOCK

THE STATE OF TEXAS
COUNTY OF BURNET

BEFORE ME, the undersigned authority, personally appeared RICHARD D. MOCK who being by me first duly sworn upon his oath does state as follows:

"I did not receive notice that this Court had granted Plaintiff's Bill of Review on April 29, 2014, until July 17, 2014 when a copy of Order Granting Plaintiff's Bill of Review was attached to Plaintiff's Response to Defendant's Motion for Summary Judgment. I had gone to the District Clerk's Office to check the file just a few days prior to April 29, 2014 and checked to see if an Order had been granted. There was no Order in the Court's file at that time. I prepared and filed an Answer to the lawsuit and Motion for Summary Judgment on May 2, 2014 and obtained a setting for said Motion for Summary Judgment for July 23, 2014. At no time was I, even upon filing of said Answer and Motion for Summary Judgment, notified that an Order Granting Plaintiff's Bill of Review had been granted."

Affiant further sayeth not.

SIGNED July 18, 2014.

RICHARD D. MOCK

SUBSCRIBED AND SWORN TO BEFORE ME by the said RICHARD D. MOCK on July 18, 2014, to certify which witness my hand and seal of office.

NOTARY PUBLIC,
STATE OF TEXAS

LULISA NANCE
Notary Public
STATE OF TEXAS
My Commission
Expires 11/09/2014

EXHIBIT
C

stuff and then I guess I signed an order granting the bill of review that Ms. Galindo filed; is that correct?

MS. GALINDO: That's correct.

THE COURT: Okay. And now you're attacking that order, Mr. Mock?

MR. MOCK: I filed a motion for new trial on it, Judge.

THE COURT: Okay. All right. What do you want -- you want to tell me about that or you want -- what evidence you want to put on, Mr. Mock?

MR. MOCK: Yes, sir. I'll -- I just need to testify.

THE COURT: All right.

(Attorney sworn)

MR. MOCK: I do, Your Honor.

THE COURT: All right. Go ahead.

MR. MOCK: If it please the Court, my name is Richard Mock. Do you want me to testify from here or up there?

THE COURT REPORTER: You're fine. Just speak up please.

THE COURT: Yeah, just as long as you speak loud enough she can hear you.

MR. MOCK: Okay. My name is Richard Mock. I represent Sharon Hanson in this matter. When I received a

EXHIBIT D

copy of plaintiff's motion for bill of review the cause number on that bill of review was 38316. I was not aware until I showed up in court on the hearing for that bill of review on January 8th, 2014 that, in fact, the clerk had marked through Cause Number 38316 and had given it a new cause number of 41742. I had filed a request that the bill of review be dismissed for lack of jurisdiction and I filed that in Cause Number 38316. At no time, though, had I made an appearance in Cause Number 41742, nor had my client been served with citation in 41742. The plaintiff has argued that my appearance to argue my motion to dismiss for lack of jurisdiction in Cause Number 38316 was -- gave the Court jurisdiction as an appearance under Cause Number 41742. At no time did I intend to appear or make an appearance in Cause Number 41742 on January 8th.

The first I got the notice of an April 29, 2014 order entered in 41742 was when plaintiff's attorney faxed me and emailed me a copy of -- I mean, a copy of their response to my -- to a motion for summary judgment I had filed on May 2nd. And that was faxed to me -- let me see if I can get the date -- and emailed to me on July, I believe it was, 17th, but let me double check that exact day -- July 17th, 2014. At that time the very next day on July 18th, 2014 I had filed this motion for a new trial, substituted a -- the hearing date on my motion for summary judgment that had been set for May --

for today and substituted this, my motion for new trial, as the hearing at today's hearing on that.

THE COURT: Well, there's a notice of setting in here for a summary judgment set on July 23rd, 2014, which was -- that was originally set for a motion for summary judgment or something, Mr. Mock?

MR. MOCK: Yes, sir. Then on July 17th I found out that on April 29th you had already signed an order. So no summary judgment is good on an order, so on July 18th I filed my motion for new trial and used this setting to set that.

THE COURT: See, I don't know why you don't get a copy of that order when I sign it in April, why it doesn't come to you til -- you didn't get notice until Ms. Galindo sent you something, right?

MR. MOCK: The clerk didn't send me notice. I got no notice from your coordinator or anything.

THE COURT: My coordinator doesn't send them out. I mean, it goes to the clerk's office. She generally sends all that stuff out once we sign them. I mean, that's what normally would happen, so I don't know why you didn't get a copy of it. I didn't know what happened. I knew I'd finally signed an order after reading all your -- you know, the submissions y'all had sent to me and I didn't know what happened to the case until I saw this today was set here again, so I don't know.

MR. MOCK: Well, I believe that's all the testimony I need to give on that.

THE COURT: Okay.

MR. MOCK: I pass the witness, Your Honor.

THE COURT: Okay. You want to respond, Ms. Galindo?

MS. GALINDO: I'd like to respond. I don't think it's necessary -- I know he's under oath, but I didn't want to question him, Your Honor.

THE COURT: Do you want to question him?

MS. GALINDO: No.

THE COURT: Oh, okay. All right.

MR. MOCK: The next thing, my motion for new trial, Your Honor, has two grounds. First of all, Ground One is lack of jurisdiction for a hearing on January 8th, 2014. I've given my testimony. My client wasn't served. My appearance, I thought, was in another cause number. I had never been hired to represent her on a new cause number or a new lawsuit, so I don't believe -- and whenever I found out that it had been -- that the clerk had marked out the old cause number, given it a new cause number, I immediately objected to the Court on January 8th stating that, well, she hadn't been served, so you don't have jurisdiction to have a hearing yet on that, Your Honor. So my Ground One is that the Court on January 8th lacked jurisdiction.

JENNIFER M. FEST, CSR

## CAUSE NO. 38316

| | | |
|---|---|---|
| GUY ROBB COWEN | § | IN THE DISTRICT COURT OF |
| VS | § | BURNET COUNTY, TEXAS |
| SHARON LEE HANSON | § | 33RD JUDICIAL DISTRICT |

## ORDER

On June 24, 2013, the above entitled and numbered cause was called for dismissal hearing pursuant to Rule 165a, Texas Rules of Civil Procedures.

Appearance:

| | | | |
|---|---|---|---|
| Pltf/Pet | (✓) did not appear | ( ) appeared ( ) by attorney_____ |
| Def/Res | (✓) did not appear | ( ) appeared ( ) by attorney_____ |
| _____ | ( ) did not appear | ( ) appeared ( ) by attorney_____ |
| _____ | ( ) did not appear | ( ) appeared ( ) by attorney_____ |

(✓) ORDER DISMISSING

    Good cause for maintaining case on docket not having been shown, IT IS ORDERED said case is hereby DISMISSED for want of prosecution, with court costs taxed against

( ) Plaintiff/Petitioner  ( ) Defendant/Respondent ( ) Party incurring same ( ) other

SIGNED on June 24, 2013.

_____
Dan H. Mills, Presiding Judge

( ) ORDER MAINTAINING ON DOCKET

    Good cause for maintaining case on docket having been shown, IT IS ORDERED that said case is to remain on the docket of this Court, subject to the following pre-trial order:

1. Parties and counsel are ORDERED to appear before_____ _____ for alternate dispute resolution through arbitration and to comply with all instructions and directives of said arbitrator.
2. A Final trial set for the _____ day of _____, 20____, at _____ ___.m.
3. _____
_____

A pre-trial conference with the Court may be held if requested, in writing by any party at least 14 days prior to trial date. Failure to comply with this pre-trial order may, at the discretion of the Court, subject the defaulting party to sanctions as provided under the Texas Rules of Civil Procedure.

SIGNED on on June 24, 2013.

_____
Dan H. Mills, Presiding Judge



**EXHIBIT**

E

## CAUSE NO. 38316

| | | |
|---|---|---|
| GUY ROBB COWEN | § | IN THE DISTRICT COURT OF |
| VS | § | BURNET COUNTY, TEXAS |
| SHARON LEE HANSON | § | 33RD JUDICIAL DISTRICT |

### NOTICE OF DISMISSAL DOCKET

Pursuant to Rule 6, Rules of Judicial Administration, Supreme Court of Texas, Rule 165a, Texas Rules of Civil Procedure and local rules of the 33rd Judicial District Court, this case has been set on the Dismissal Docket for June 24, 2013 commencing at 8:30 AM in the North Courthouse Annex, Burnet County, Texas, at which time the Court intends to dismiss such case for want of prosecution unless good cause is shown for it to be maintained on the docket.

THIS CASE WILL NOT BE MAINTAINED ON THE DOCKET UNLESS, at least seven (7) days prior to the dismissal hearing, a written motion is filed with the District Clerk setting out specific facts showing good cause for maintaining the case on the docket, with a copy of such motion being furnished to each opposing counsel or *pro-se* party. Oral hearings will be conducted on all timely filed Motions to Maintain, on the date and time set out above. NO MOTION TO MAINTAIN WILL BE CONSIDERED BY THE COURT WITHOUT AN ORAL HEARING.

A lack of service on any party shall not be considered good cause unless it appears that due diligence has been exercised in attempting service.

If bankruptcy proceedings of any party have stayed any further action in this court, it shall be the duty of any party seeking to have the case maintained on the docket of this Court to determine the status of any such bankruptcy proceedings and include such information in any Motion to Maintain on this docket.

In the event the case is maintained on the docket, the Court may refer it to alternative dispute resolution procedure pursuant to Chapter 153, Texas Civil Practice and Remedies Code, Alternated Dispute Resolution Procedures. Fees for the alternative dispute resolution shall be set by the Court and taxed as court costs. If maintained on the docket but not referred to an alternative dispute resolution, the case may be called for trial immediately following the call of the dismissal docket, or set for trial at a later date, depending on the circumstances. This notice shall be considered a Notice of Trial Setting for call to trial immediately following the dismissal hearing.

If maintained on the docket and set for trial at a later date, the case may be continued thereafter only for valid and compelling reasons to be determined by the Court.

NO SETTINGS WILL BE MADE FOR THIS CASE PRIOR TO THE DISMISSAL DOCKET, EXCEPT FOR ENTRY OF AN AGREED FINAL JUDGMENT.

SIGNED: May 16, 2013.

*Casie Walker*

Casie Walker, District Clerk
1701 East Polk Street, Suite 90
Burnet, Texas 78611-2757

By: _____
Deputy

**EXHIBIT**

**F**

The foregoing Notice was mailed to the party/parties listed below by U.S. Mail on May 16, 2013.

COPIES TO:

MARIE E GALINDO
310 W WALL STREET SUITE 411
MIDLAND TX 79702

RICHARD D. MOCK
400 S MAIN
BURNET TX 78611

Case File