

**NUMBER 13-16-00178-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HOWARD GRANT,                                                                    Appellant,

v.

ARIANN M. GRANT,                                                                  Appellee.

**On appeal from the 387th District Court
of Fort Bend County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion Per Curiam**

Appellant, Howard Grant, attempted to perfect an appeal from an order entered on

January 6, 2016, denying a bill of review in cause no. 15-DCV-226932.[1]   Upon review of

---

[1] This case is before the Court on transfer from the First Court of Appeals in Houston pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

the documents before the Court, it appeared that there was no final, appealable order or judgment. On April 6, 2016, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction. Appellant failed to respond to the Court's notice.

The Fort Bend County District Clerk's Office has informed this Court that there is no signed order denying a bill of review. In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and is not an appealable final judgment. *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (citing *Warren v. Walter*, 414 S.W.2d 423 (Tex. 1967)).

Appellant has not demonstrated that a written order has been signed. The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a), (c).

PER CURIAM

Delivered and filed the
12th day of May, 2016.

2