**Appeal Dismissed and Memorandum Opinion filed July 27, 2017.**



In The

# Fourteenth Court of Appeals

NO. 14-16-00324-CV
NO. 14-16-00330-CV

**DIOGU KALU DIOGU II, Appellant**

**V.**

**ROY MCCLOUD JR., Appellee**

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DCV-179785 and 13-DCV-210161**

### M E M O R A N D U M   O P I N I O N

This is a consolidated attempted appeal from two orders rendered in a bill-of-review proceeding and from one order rendered in the underlying suit. Because we lack jurisdiction, we dismiss the appeal. Our dismissal of the appeal renders moot appellant Diogu Kalu Diogu II's "First Amended Motion to Declare Two Final Summary Judgments Signed by the Trial Court on July 28th, 2014 and January 21st,

2016 Void [and] Dismiss [the] Appeal Because the Trial Court Was Without Jurisdiction to Enter Those Judgments."[1]

## I.

Cause No. 14-16-00324-CV is an attempted appeal from an order signed by the trial court on January 21, 2016 in Cause No. 10-DCV-179785. The record shows that the trial court rendered final judgment for appellant Diogu Kalu Diogu II in that cause on August 13, 2010.

Absent a timely post-judgment motion extending the trial court's plenary power, the trial court retains jurisdiction over a case for thirty days after the final judgment is signed. *See* TEX. R. CIV. P. 329b(d). After the trial court's plenary power expires, it cannot substantively modify the judgment except by a bill of review. TEX. R. CIV. P. 329b(f).[2]

A bill of review, however, is an independent proceeding. *See Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989) (citing *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex. 1975) (orig. proceeding)); *see also Amanda v. Montgomery*, 877 S.W.2d 482, 485 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding) (holding that trial court's refusal to order severance of a bill-of-review proceeding from the underlying case was an abuse of discretion warranting mandamus relief). Appellee Roy McCloud Jr. did attack the 2010 judgment by filing an independent bill-of-review proceeding, and we discuss the attempted appeal from that case in the next section of this opinion. In Cause No. 10-DCV-179785, however, the trial court's plenary power expired in 2010. Thus, the order signed in that cause on

---

[1] Diogu's motion was based on different grounds than those discussed in this opinion.

[2] Even after its plenary power has expired, the trial court may sign a judgment nunc pro tunc to correct a clerical error, and it may declare a judgment void if the judgment was signed after the trial court's plenary power expired. *See* TEX. R. CIV. P. 329b(f).

2

January 21, 2016 is void for lack of jurisdiction. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."); *Boston v. Bryce Daniel, Inc.*, No. 14-14-00124-CV, 2015 WL 7456017 (Tex. App.—Houston [14th Dist.] Nov. 24, 2015, no pet.) (mem. op.) (per curiam); *Jefferson v. Unity Nat'l Bank*, No. 14-14-00197-CV, 2015 WL 1779254, at *2 (Tex. App.—Houston [14th Dist.] Apr. 16, 2015, no pet.) (mem. op.) (citing *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 168 & n.21 (Tex. 2013)). We lack jurisdiction to review the merits of a void order. *See Jefferson*, 2015 WL 1779254, at *2 (citing *Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.— Houston [14th Dist.] 2004, pet. denied)). We can only declare the orders void and dismiss the appeal from that cause. *See Latty*, 907 S.W.2d at 486.

## II.

Cause No. 14-16-00330-CV is an attempted appeal from two orders signed by the trial court in the bill-of-review proceeding, Cause No. 13-DCV-210161. In that cause, Diogu moved for final summary judgment denying bill-of-review plaintiff McCloud all relief, while McCloud moved for partial summary judgment setting aside the judgment in the underlying case—that is, the 2010 judgment—but without seeking judgment in his favor on the merits. The trial court granted McCloud's motion for partial summary judgment and denied Diogu's motion. Diogu attempts to appeal both rulings.

We lack jurisdiction to review either order. Regarding the order granting McCloud's motion for partial summary judgment, "[a] bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable." *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam); *see also Tesoro Petroleum v. Smith*, 796 S.W.2d 705 (Tex. 1990) (per

3

curiam) (same); *Warren v. Walter*, 414 S.W.2d 423, 423 (Tex. 1967) (per curiam) (same). The order denying Diogu's summary-judgment motion in the same cause is likewise interlocutory. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996) ("The general rule is that a denial of a summary judgment is not reviewable on appeal . . . because the denial of a summary judgment is not a final judgment.").[3]

## III.

We advised the parties of these deficiencies on June 28, 2017, and informed them that we would dismiss the appeal for want of jurisdiction unless Diogu filed a response by demonstrating grounds for continuing his appeal. *See* TEX. R. APP. P. 42.3(a).

In Diogu's response, he acknowledges that the orders signed by the trial court in the 2013 bill-of-review proceeding were interlocutory, but asserts that those orders merged into, and became a "subset" of, the purported final judgment signed by the trial court on January 21, 2016, in the underlying suit, that is, in the suit in which a final judgment was rendered in 2010.[4] But a bill-of-review proceeding is not a "subset" of another case; as explained above, it is an independent proceeding. Moreover, Diogu does not dispute that the order signed by the trial court in the underlying case on January 21, 2016 is void for lack of jurisdiction. Because that order is a nullity, it cannot be a "final judgment." *See In re Bokeloh,* 21 S.W.3d 784, 792–93 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) ("A void order is

---

[3] Although an exception to this general rule may apply if adversaries file cross-motions for final summary judgment and the trial court grants one and denies the other, *see Frankoff v. Norman*, 448 S.W.3d 75, 87 (Tex. App.—Houston [14th Dist.] 2014, no pet.), the trial court did not grant a final summary judgment in this cause.

[4] In making this argument, Diogu takes a position that directly opposes his motion for this Court to declare void the trial court's order of January 21, 2016, and dismiss the appeal. Diogu does not attempt to reconcile these mutually exclusive requests.

entirely null within itself; it is not susceptible to ratification or confirmation, and its nullity cannot be waived.").

Because Diogu's response does not show that we have jurisdiction over his appeals from the underlying case or from the bill-of-review proceeding, we dismiss the consolidated appeal without addressing Diogu's motion to dismiss the appeal on other grounds.[5]

/s/    Tracy Christopher
        Justice

Panel consists of Justices Christopher, Brown, and Wise.

---

[5] In his motion, Diogu asks us to declare all of the challenged orders void for want of jurisdiction and dismiss the appeal. As grounds for this action, he contends that the trial court lacked jurisdiction to render the challenged orders in the bill-of-review proceeding because (a) McCloud lacks standing, (b) McCloud's claims are barred by limitations, and (c) the bill-of-review proceeding is in reality an impermissible collateral attack. In Diogu's challenge to the trial court's jurisdiction to render the January 21, 2016, order in the underlying suit, Diogu contends that McCloud lacks standing because (a) McCloud was not a named party, and he filed an answer and counterclaim without first filing a plea in intervention; and (b) McCloud filed no summary-judgment evidence that he holds title to the property in dispute.